BEFORE STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES B. DIETZ, Respondent, for Compensation under the Workmen's Compensation Law, against HARRY SOLOMONWITZ, Employer, and MASSACHU-SETTS BONDING AND INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, September 13, 1917.

Workmen's Compensation Law — injuries caused by assault — when payments made by assailants to person injured should be deducted from amount of award.

Where a person employed as a paperhanger was assaulted and severely injured by members of a labor union because he would not go upon a strike and the assailants were given a suspended sentence and paroled in a criminal proceeding upon the condition that they make a certain payment to the complaining witness and make certain weekly payments so as to make good the loss of work which the complainant suffered by reason of the assault, the amounts so paid should be applied to reduce the employer's liability under the Workmen's Compensation Law where the person assaulted agreed to accept the compensation awarded by the Industrial Commission in lieu of any right or cause of action which he might have, and assigned and set over to the Commission, for the benefit of the State insurance fund, his right, title and interest in any cause of action for the injury against any person, as he was required to do by section 29 of the Workmen's Compensation Law.

The payment made to the person injured by the assailants was not a fine in a criminal action payable to the People, and the award should have been made only for the difference between the amount allowed by the Commission and the payments which had been made by the assailants up to the time the award was made.

APPEAL by the defendant, Harry Solomonwitz, and another from an award of the State Industrial Commission, made on the 24th day of January, 1917.

*Nellis & Nellis* [*Andrew J. Nellis* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel] and *Robert W. Bonynge,* counsel for State Industrial Commission, for the respondents.

LYON, J.:

The award appealed from was made on account of injuries resulting from an assault made upon the claimant. Through the action of the criminal court the assailants have paid to the claimant certain sums of money. The question involved upon this appeal is whether the employer is entitled to have the moneys so paid applied in reduction of his liability under the Workmen's Compensation Law.

The claimant was a paperhanger. In April, 1916, while at work in the borough of Brooklyn, city of New York, he was approached by two members of a rival labor union and told there was a strike upon the job, and asked to cease work. Upon his refusal to do so the men assaulted him inflicting severe injuries from which he had not sufficiently recovered to resume work August 14, 1916, the time to which the award was made.

On July 8, 1916, the claimant presented to the State Industrial Commission a claim for compensation embraced in which was the following provision:

" I hereby agree to accept the compensation awarded by the State Industrial Commission in lieu of any other right or cause of action which I may have or claim against any person, firm, or corporation, in consequence of such accident; and, in consideration of such compensation, if any, when

awarded, I hereby assign and set over unto the State Industrial Commission, for the benefit of the State Insurance Fund, if compensation be payable therefrom and otherwise to the person or association or corporation liable for the payment of such compensation, all my right, title and interest, if any, in such cause of action for such injury, loss, or damage against any person, firm or corporation.

" Signed, this 8th day of July, 1916, at Brooklyn, N. Y.

" (Signature) CHAS. B. DIETZ,

" 1670 Prospect pl."

The assailants were indicted for assault in the second and third degrees respectively. The record upon appeal shows that on July 27, 1916, the assailants having been placed upon trial upon the indictments, and a conference having been had with the court by the claimant and his assailants and their counsel, the assailants pleaded guilty to the indictments. Thereupon their counsel stated to the court his desire to place upon record the proposition which he had urged upon both defendants " to make for the assistance of the unfortunate complainant in this case," which was in effect that the assailants would guarantee within the next twenty-four hours to pay to the complainant one hundred dollars in cash for his immediate needs, and to pay him fifteen dollars per week every Monday thereafter during his disability, and to guarantee him earnings of at least fifteen dollars per week after he should be able to go to work. The assailants having then waived the two days' period, the court paroled them under suspended sentences, one for five years and the other for two years, subject to their keeping the agreement to make said payments to the claimant, and to refrain from attacking any man, and from violating the law in any respect, the court stating that in the event of the breach of either condition, it would impose the limit of sentence upon each of the assailants.

The State Industrial Commission determining that the claimant's average weekly wage was twenty-three dollars and eight cents, made an award to him against the employer and insurance carrier of fifteen dollars per week for a period of fourteen weeks from May 8 to August 14, 1916, and continued the claim for further hearing. The Commission

also found that the payments of one hundred dollars, and of fifteen dollars weekly, had been continuously made to the claimant by the assailants, but that the employer and insurance carrier were entitled to no credit or diminution of the award on account of such payments theretofore made or any payments to be thereafter made to the claimant by the assailants " under the conditions upon which they obtained the suspended sentence  *  *  *." This holding of the Commission constitutes the sole grievance of which the employer and insurance carrier complain.

Section 29 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) provided: " Subrogation to remedies of employee. If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the State for the benefit of the State Insurance Fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the State Insurance Fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the State may be prosecuted or compromised by the Commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission, if the deficiency of compensation would be payable from the State Insurance Fund, and otherwise with the written approval of the person, association or corporation liable to pay the same."

The claimant thus had the privilege of requiring the pay-

ment of compensation by his employer, or of pursuing his remedy against his assailants. He elected to take the former course, and executed the assignment hereinbefore set forth. Thereupon the employer became subrogated to all the remedies of the employee and possessed of the claimant's cause of action against the assailants with the right to prosecute the same and to demand and receive payments thereon to an extent sufficient to indemnify him against his liability to the claimant. Thereafter all moneys paid by the assailants to the claimant on account of the damages sustained as the result of the assault were practically moneys belonging to the employer and must be deemed to have been received and applied by the defendant in reduction of the employer's liability to the claimant. I think the Commission erred in not making such application.

The argument advanced by respondent's counsel is that it is probable the court in imposing the conditional penalty did it as a punishment rather than as satisfying the civil claim for damages which the claimant would have against his assailants; and that the argument of the appellants would not apply unless the amount paid to the claimant could be offset or proved in mitigation of the damages which the claimant was entitled to recover. The payment of these sums was not imposed as a fine, which is payable to the People, not to the prosecutor. In fact no sentence was given, and hence no fine was imposed, but the passing of sentence was suspended and the assailants placed upon parole. It is immaterial as bearing upon the question as to the proper application of these moneys that the assailants or the union which they represented, may have been induced to make the payments in the expectation of thereby avoiding punishment of the assailants by imprisonment. The payments were required by the court to be made in recognition of an obligation both legal and moral on the part of the assailants to compensate the claimant in part at least for the loss of earning power on account of such injuries, and to be made weekly as his wages were paid, and to be continued until he should be able to resume work. The plain purpose of the court was to require the assailants to indemnify the claimant for loss of wages to the extent of the payments made.

The suggestion is also made upon the part of the respondent that the payments made to the claimant could in some sense be taken as liquidating his claim for physical suffering and for the indignity suffered by him, leaving his claim for compensation for loss of wages unaffected. This suggestion is coupled with the admission that such a holding might put into the claimant's hands more money than he would be entitled to receive under the Workmen's Compensation Law. The assignment by the claimant did not assume to split the cause of action into one for loss of wages and one for suffering, but was of the entire cause of action.

In answer to the suggestion of the respondent that the argument of the appellants as to the application of the moneys paid to the claimant by the assailants in reduction of the employer's liability to the claimant would not apply unless the amount paid to the claimant could be offset or proved in mitigation of the damages which the claimant would be entitled to recover in an action at law against the assailants, it is to be observed that the employer's recovery is limited to a sum sufficient to indemnify him, and hence that the application of the moneys in reduction of the employer's liability to the claimant necessarily reduces the employer's right of recovery against the assailants correspondingly. If the respondent's position is correct, and this application of the moneys be not made, the claimant will receive double compensation, or approximately one-third more during the greater part of his disability than he received as full wages, and that at the expense of an employer whose acts were in no way responsible for claimant's injuries. Furthermore, if the respondent's position is correct, the assailants can be called upon to make a second payment of the sums now being paid by them to the claimant. Thus, the claimant would be allowed to retain moneys which he has received from the assailants upon the cause of action since he disposed of it, which he would be compelled to credit had he remained the owner of his cause of action, or had the moneys been paid to him before he disposed of the cause of action.

It was said in *Lester* v. *Otis Elevator Co.* (169 App. Div. 613): " Where an employee is injured by the act of a third party, in the course of his employment, he is nevertheless

entitled to claim compensation under the statute. But it is only reasonable that, in such cases, the third party should be made to pay the damages caused by his wrongful act, and, of course, the employee is not entitled to such damages and the statutory compensation at the same time. Section 29 accordingly makes provision for the employer's 'Subrogation to remedies of employee.' * * * Section 29 does not, however, prevent an employee from bringing an action for damages against such third party himself; it recognizes his right to do so if he chooses. But if he does elect to do so, he can claim compensation under the statute only for the deficiency, if any, between the amount collected from such third party and the statutory compensation."

In the case of *Matter of Woodward* v. *Conklin & Son, Inc.* (171 App. Div. 736), this court held in effect that any moneys received from a third person responsible for the accident should be applied in reduction of the liability of the employer to the employee for compensation, although in that action a release had been given by the employee to the third party without consideration.

In the case of *Miller* v. *New York Railways Co.* (171 App. Div. 316), which was an action brought by the employee against a third party to recover damages on account of its alleged negligence causing the injuries to the plaintiff, it was held that an answer which alleged that the plaintiff prior to the commencement of the action had made a claim under the Workmen's Compensation Law for compensation for his disability due to the accident which was the basis of the award and had received an award of compensation, constituted a good defense. Referring to section 29 the court said: " The reason for the statutory declaration as to election is founded upon the common-law rule that there should not be a double satisfaction for the same injury."

The provision of section 29 requiring the employer to contribute only the deficiency should the employee elect to proceed against the wrongdoer, impliedly requires the application in reduction of the employer's liability of any amounts received from the third party. The effect of the acceptance of these payments by the claimant was to correspondingly reduce the liability of the employer to the

claimant. Hence the award should have been only for the balance which existed up to the time the award was made.

The award must be reversed and the case remitted to the Commission to allow the modification of the award by deducting from it the moneys so received by the claimant from the assailants up to August 14, 1916.

All concurred.

Award reversed and matter remitted to the Commission to allow modification of the award by deducting from it the moneys received by the claimant from the assailants ·up to August 14, 1916.