Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNA SPANG, Respondent, for Compensation to Herself and Child under the Workmen's Compensation Law, for the Death of Her Husband, CHARLES SPANG, against BROADWAY BREWING AND MALTING COMPANY, Employer, and CENTRAL AND WESTERN NEW YORK BREWERS AND MALTSTERS MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 6, 1918.

Workmen's Compensation Law — claim for death of collector for manufacturer of malt liquors intentionally shot — intent of amendment of 1916 to subdivision 4 of section 3 — " accidental injury " — injury caused deliberately and willfully by third party.

Where a collector, employed as such by a manufacturer of malt liquors while in the performance of his duties in a saloon away from the plant of his employer, was intentionally shot and killed for the purpose of securing the money which he had belonging to his employer, his dependents are entitled to an award.

The amendment of subdivision 4 of section 3 of the Workmen's Compensation Law by chapter 622 of the Laws of 1916 was intended to include an employee in the service of an employer carrying on a hazardous employment even though such employee is not actually engaged in a hazardous employment.

It is immaterial whether the shooting of the collector occurred at the plant of the employer or in the course of his employment away from the plant.

An injury caused deliberately and willfully by a third party may be an " accidental injury " within the meaning of the statute from the view point of the employer and employee.

APPEAL by the defendants, Broadway Brewing and Malting Company and another, from an award of the State Industrial Commission, made on the 19th day of October, 1917.

An award was made herein on the 13th day of August, 1917, but the case was reopened and the final award was made October 19, 1917, to the same effect as the award originally entered.

*Clement & Lee* [*H. Walter Lee* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, J.:

The employer was a manufacturer of malt liquors, which business is classified as hazardous within group 27 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1917, chap. 705). Charles Spang, the employee, was a collector and while in the performance of his duties as such collector on July 5, 1917, in a saloon away from the plant of his employer he was shot and killed. The shooting was intentional and the purpose thereof was to secure the money which Spang had on his person belonging to his employer.

Under subdivision 4 of section 3 of the Workmen's Compensation Law, as amended by chapter 622 of the Laws of 1916 and chapter 705 of the Laws of 1917, Spang at the time of his death was within the protection of the act. The amendment of 1916 was intended to include an employee "in the service of an employer carrying on a hazardous employment, even though such employee is not actually engaged in a hazardous employment." (*Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401.) And by the plain language of the statute it is immaterial whether the shooting of Spang occurred at the plant of the employer "or in the course of his employment away from the plant." He was clearly "in the course of his employment" at the time of his injury.

The fact that the death of Spang was intentionally caused does not defeat the claim. He was killed as an incident of his employment because he had in his possession money belonging to his employer, which it was the purpose of his slayer to

feloniously appropriate. An injury caused deliberately and willfully by a third party may be an " accidental injury " within the meaning of the act from the viewpoint of the employer and employee. (Workmen's Compensation Law, § 29, as amd. by Laws of 1917, chap. 705; *Hellman* v. *Manning Sand Paper Co.,* 176 App. Div. 127; affd., 221 N. Y. 492; *Matter of Carbone* v. *Loft,* 219 id. 579; *Dietz* v. *Solomonwitz,* 179 App. Div. 560; *Yume* v. *Knickerbocker Portland Cement Co.,* 3 State Dept. Rep. 353; affd., 169 App. Div. 905; *Slane* v. *Cording & Salzman,* 11 State Dept. Rep. 631; affd., 179 App. Div. 952; *Griffin* v. *Roberson & Son,* 176 id. 6; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148.)

The award should be affirmed.

Award unanimously affirmed.