Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HIMAN KRINSKY, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ARTEMAS WARD, Doing Business under the Trade Name of WARD & GOW, Employer and Self-Insurer, Appellant.

Third Department, November 10, 1920.

**Workmen's Compensation Law — section 2, group 45, construed — injury to person employed as salesman at news-stand — award affirmed.**

Where an employer who conducts news-stands at various stations of the Interborough Rapid Transit Company in New York city distributes periodicals to said stands by means of trucks and there are more than four " workmen or operatives " within the meaning of the second group 45 of section 2 of the Workmen's Compensation Law as well as many other employees who cannot be classified as workmen or operatives, a person in the latter class employed as a salesman at a news-stand who was injured in the course of his employment is entitled to an award.

All employees of a " hazardous employment " are within the protection of the statute irrespective of whether or not their particular duties bring them within the hazards of the employment which is true of all the other groups of section 2 and it is impossible to make any distinction in respect to second group 45.

APPEAL by the defendant, Artemas Ward, doing business under the trade name of Ward & Gow, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 16th day of February, 1920.

*Everett, Clarke & Benedict [Herman S. Hertwig* of counsel], for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The employer conducts the news-stands at the various stations of the Interborough Rapid Transit Company in New York city. At such news-stands are sold periodicals and confectionery. The merchandise is collected and kept at 39 Park

Place where it is loaded on trucks and then distributed to the different news-stands. It is not disputed that in connection with such business there are more than four "workmen or operatives" within the meaning of the second group 45 of section 2 of the Workmen's Compensation Law (as added by Laws of 1918, chap. 634). There are many more employees who cannot be classified as "workmen or operatives." Among the large number who cannot be thus classified is the claimant. He was a salesman at one of the news-stands, of which there were 125. He received an injury which arose out of and in the course of his employment. The contention is that because he was not a workman or operative he is not within the protection of the act. Such construction of the statute cannot be upheld. Section 2 divides employments into various groups which it characterizes as "hazardous employments." The second group 45 includes all employments not before enumerated in which there are engaged four or more workmen or operatives under conditions more specifically described in said group. All employees of a "hazardous employment" are within the protection of the statute irrespective of whether or not their particular duties bring them within the hazards of the employment. (Workmen's Compensation Law, § 3, as amd. by Laws of 1917, chap. 705; *Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401; *Spang* v. *Broadway Brewing & Malting Co.*, 182 App. Div. 443; *Joyce* v. *Eastman Kodak Co.*, Id. 354.) That is true of all the other groups of section 2 and it is impossible to make any distinction in respect to second group 45.

The award should, therefore, be affirmed.

Award unanimously affirmed.