In the Matter of the Claim of HIMAN KRINSKY, Respondent, against WARD & GOW, Appellant.
STATE INDUSTRIAL COMMISSION, Respondent.

*Workmen's Compensation Law — when person employed in business where four or more workmen or operators are employed is entitled to award for injury arising out of and in course of business even though not himself employed to do hazardous work.*

*Krinsky v. Ward & Gow,* 193 App. Div. 557, affirmed.
(Argued March 3, 1921; decided April 19, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 21, 1920, affirming an award of the state industrial commission made under the Workmen's Compensation Law. Defendant conducted news stands at various stations of the Interborough Rapid Transit Company in the city of New York and claimant was employed as a salesman at one of said stands. While emptying water which he used on the stand on to the tracks he was struck by a train and injured. It was held that the injury arose out of and in the course of his employment and that as four or more workmen or operatives were employed in the business he was entitled to an award under group 45 of section 2 of the Workmen's Compensation Law, as added by chapter 634 of the Laws of 1918, all employees of the business being within the protection of the statute irrespective of whether or not their particular duties bring them within the hazards of the employment.

*Herman S. Hertwig* and *George M. Clarke* for appellant.
*Charles D. Newton*, Attorney-General (*E. C. Aikin* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.