Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of SIGMUND LAMPERT, Respondent, for Compensation under the Workmen's Compensation Law, *v.* CHARLES SIEMONS, Employer, and ALLIED MUTUALS LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

**Workmen's Compensation Law — injury arising out of and in course of employment — precincts of employment extended in case of loyal employee where other employees are on strike — employee assaulted by strike sympathizer while on way to work received injury arising out of and in course of employment.**

The precincts of an employment in the case of a strike must be deemed to include the zone of special danger necessarily or properly traveled by a loyal employee in order to carry on the active relationship of employer and employee which is

objectionable to the strikers and which occasions the zone of special danger, and an employee who is assaulted by the strikers or their adherents while proceeding from his home to the plant with or without a guard, and who is not violating any rule of the employment in so doing, suffers an accidental injury arising out of and in the course of the employment.

Accordingly, the claimant, who remained loyal to his employer, received an injury arising out of and in the course of his employment, where it appeared that while the employer supplied a guard to protect him in going to and coming from his home, there was no agreement or rule that he should not go to or come from his home without a guard, and that while he was on his way from his home to the place of employment, at a time when the guard had failed to appear to protect him, he was assaulted by a striker sympathizer.

H. T. KELLOGG, Acting P. J., dissents.

APPEAL by the defendants, Charles Siemons and another, from a decision and award of the State Industrial Board made on the 10th day of February, 1922.

*Arthur Butler Graham [John Preston Phillips* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J.:

Sigmund Lampert was foreman of the operating department of a shirt waist manufacturer, whose employees were out on a strike. Being foreman he was not a member of the union, and among others he continued in the employment during the strike. He testifies that when the strike occurred, he went to Mr. Siemons, the employer, and expressed some fear as to his personal safety if he kept working, to which he says the employer replied, " Don't be afraid, I will protect you." The employer testifies: " We had a discussion about his safety, but we didn't come to any really definite conclusion at the time." The State Industrial Board has not made any finding as to whether or not there was an agreement to furnish protection. The findings are that " The employer furnished a guard for claimant to accompany him from his place of employment to his home and from his home to the place of employment. The employer ordered one Mr. Gottlieb to accompany the claimant from the plant of his employer to his home and from his home to the plant. On February 28, 1921, claimant's guard failed to appear at his home and accompany him to the plant of his employer, and it was in the absence of the guard that claimant was assaulted," while on his way to work unattended and sustained injury.

Mr. Gottlieb, the guard, was really the general manager of the plant. He did accompany the claimant every day until the day of the assault. On that day he did not get out early because of

some domestic trouble and, moreover, he did not think it necessary to go for the claimant because he anticipated some kind of settlement with the union that day. As Mr. Gottlieb did not call for him the claimant started alone and was going to take an elevated train as was his custom. Right near the train a fellow came up to him and said " you dirty strikebreaker " and assaulted him and he fell unconscious.

The only question upon this appeal is whether or not the accident arose out of and in the course of the employment. The question is novel or at least no case in point has been cited or has been brought to light by our own investigation.

It is the usual rule that injuries received while going to and from work do not arise in the course of the employment. Ordinarily the employee so proceeding upon his independent course is subjected only to the hazards of the street or of transportation to which the public generally are subjected. The rule has its exceptions. Where the employer sends a conveyance to meet the employee and bring him to the place of actual employment, he is held to be constructively in the course of his employment while so riding. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369; *Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 id. 130.) The employer in such a case is deemed to have assumed to extend the precincts of the employment to the vehicle used by him, as a part of the contract of his employment. If, however, an employee has such an arrangement with his employer but, at the close of work, boards a truck belonging to a person other than his employer because the truck of his employer is not there at the appointed time, we have held that injuries received by him while so riding do not arise in the course of his employment. (*Flynn* v. *Ritchie Brothers*, 201 App. Div. 865.)

Such cases stand upon the sound principle of the opportunity of the employer to have some control or charge over his employees during the transportation and of the impropriety of making the employer accountable for injuries received in transportation when he has no power to regulate the means of conveyance adopted by the employee. If the furnishing of a guard to an employee during a strike brings the employee within the scope of his employment when he is accompanied by the guard, by analogy to the transportation cases, it must be upon the principle that by the contract of employment the employment begins when he reports to the guard and places himself in the care of the employer. On that theory, the claimant could not be deemed within the scope of his employment while *en route* alone.

The State Industrial Board has not found that there was any

such contract to furnish a guard and the award certainly cannot be sustained by analogy to the transportation cases thus far decided; but does that leave this the ordinary case of an employee injured while on the way to his employment and before reaching the same? We think not.

We have held that assault of an employee away from the plant, for the purpose of robbery of the employee who was carrying his employer's money, arises out of and in the course of the employment. The incentive to rob is to get the money of the employer in the employee's possession. While he carries that money of his employer he is constructively in the course of his employment, charged with its safekeeping; and if he is assaulted and robbed because of having it, the injury arises out of the employment. The whole thing is an incident of the employment, without which the assault would not have happened. (*Mason* v. *Scheffer*, 203 App. Div. 332.)

How is it different with a faithful employee who remains on duty during a strike? The incentive to assault him, on the street, as he necessarily and lawfully proceeds back and forth between his home and the plant, is to punish him for helping his employer and to cripple the employer by crippling him. He carries the brand of his employer, rather than his money. The assault and attendant injury is an incident of the employment, without which it would not have happened. The employment brought him into the zone of special danger and must be held responsible for his injury. The street became to him a place of special danger and it is entirely competent to consider such place of special danger as a part of the precincts of his employer.

If he occupies that zone of special danger without an attendant or guard, in violation of the rules of the employment, his violation of the rule takes him out of the employment. The employer has a right to limit his liability in such cases by furnishing a strong enough guard to prevent injury and by requiring that the employee shall not enter the danger zone unattended. This was not fully done in this case. A guard was furnished but no rule was made to prohibit the employee from proceeding to the plant unattended and no such rule can be implied. Under such circumstances, he was simply denied an intended protection, through the fault or omission of the general manager, who was the guard. He was not taken out of his employment because he violated no rule. In fact it was of the essence of his employment that he be at the plant. To get there he had to encounter the danger zone. Did he do it for himself? He might have remained home and excused himself, but surely if he braves the danger, without violating any regulation, he does it in the service of his employer.

The claimant did not step out of his employment. He violated no rule. He was doing what he could, under circumstances over which he had no control, to advance his employer's interests. The assault arose out of the employment and nothing else. It was a risk reasonably to be contemplated, special and temporary in character, not common to all mankind traveling those streets, but one of the distinct risks of this employee. The result proves it. The employer realized it and tried to guard against it. He failed this day only. Under the proofs in this case there was no failure of duty by anybody but the general manager of the employer and his failure was excusable. How can we say the claimant forfeited any of his rights? His incentive was to serve his employer. We think the spirit of the law is broad enough to require the holding that the precincts of the employment in a case of a strike must be deemed to include the zone of special danger necessarily or properly traveled by the employee in order to carry on the active relationship of employer and employee which is objectionable to the strikers and which occasions the zone of special danger; and that an employee who is assaulted by the strikers or their adherents while proceeding from his home to the plant with or without a guard, if not violating any rule of the employment in so doing, receives an accidental injury arising out of and in the course of the employment.

The award should be affirmed, with costs in favor of the State Industrial Board.

KILEY, VAN KIRK and HASBROUCK, JJ., concur; H. T. KELLOGG, Acting P. J., dissents.

Award affirmed, with costs in favor of the State Industrial Board.