In the Matter of the Claim of CHESTER ADAMS, Appellant, against CHARLES W. Ross, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1930.

*Benjamin C. Mead,* for the appellant.

*Albert H. Clark,* for the respondent.

PER CURIAM. The claimant received injuries April 2, 1928, resulting in the loss of the sight of his left eye. It has been found that these injuries were accidental and occurred in the course of his employment while claimant was engaged with a hand spray pump in spraying a chicken house on his employer's premises. The employer claimed that he was engaged in farming and it has been so found by the Board, and that the claimant was employed as a farm laborer. It was apparently on this ground that the claim was disallowed.

The evidence does not sustain such a finding. The employer is evidently a retired business man, who owns a costly and pretentious estate situate in the city of Auburn on an old residence street near the center of the city. The residences on this street

have been and now are the homes of men of wealth and position. The house on this property contains twenty to twenty-five rooms. The frontage of the grounds on South street is four hundred feet. There are about nineteen acres of land of which about seven are occupied by the house and surrounding lawns. The remaining lands appear to be devoted to pasture and grass land, vegetable garden and to chicken houses and yards. A very few cows are kept and grass is cut to feed them. This work is not performed by the regular employees but is let out to others. There is one horse but the purpose for which it is used is not stated. There are a few farming implements but nothing is stated as to their use. It appears that there are four hundred to five hundred chickens regularly kept on the premises and that eggs and broilers are sold, and also a few vegetables from the garden. It appears that the work of the regular employees, including claimant, is the care of the buildings, grounds and shrubbery with some incidental work in the chicken houses and garden. Three men are employed during the entire year, with others after April first during certain portions of the year. There is little dispute in the evidence. The conclusion to be drawn is one of law. It is admitted that the claimant was injured in the course of his employment. The presumption is that the claim comes within the provisions of the act (Work. Comp. Law, § 21). If the employer claims exemption from liability, he assumes the burden of establishing that fact.

Neither in the common acceptance of the term nor in the definition found in dictionaries, is the occupation of the employer as above described a farmer, nor is he engaged in the business of farming. (See 2 C. J. 989, and cases cited.) There is no tilling of the soil or engaging in an allied industry as an occupation either for profit or as a means of subsistence. There is no devotion of the property to agriculture. What little is done in the nature of agricultural work is either a pastime or is incidental to the maintenance of the estate. Even if by any stretch of imagination we might say that a part of the business was farming, the employment in which the claimant was engaged did not come within the classification of a farm laborer. That implies that such a laborer is one who devotes his time to ordinary farm labor as a gainful occupation with some reasonable degree of regularity and continuity.

Section 3, subdivision 1, group 18 of the Workmen's Compensation Law in substance provides that all other employments, in which there are engaged or employed four or more workmen or operatives regularly, come within the compensable provisions of the act unless such operatives are farm laborers or domestic servants.

(See *Krinsky* v. *Ward*, 193 App. Div. 557; affd., 231 N. Y. 525; 259 U. S. 503.) The record is too inadequate and indefinite to permit us to say whether the employer had four or more employees engaged in the work with a reasonable degree of regularity during the year and each year. It is a matter that can be readily determined by the Board upon further evidence both by parol and by the payrolls or pay checks of the employer. We hold that it is not necessary that four men should be employed during the entire year, but it is sufficient if such employment continues through a reasonably definite period of time, and is not casual. (*Uhl* v. *Hartwood Club*, 177 App. Div. 41; affd., 221 N. Y. 588.)

The decision should be reversed and the matter remitted to the State Industrial Board, with costs to claimant to abide the event.

DAVIS, WHITMYER and HILL, JJ., concur; VAN KIRK, P. J., and HINMAN, J., dissent and vote to affirm on the ground that there is proof of small scale farming sufficient to support the finding of the Board that the claimant was employed as a farm laborer. (*Uhl* v. *Hartwood Club*, 177 App. Div. 41; affd., 221 N. Y. 588.)

Decision reversed and matter remitted to the State Industrial Board, with costs to the claimant against the employer to abide the event.