In the Matter of the Claim of MORRIS COHEN, Respondent, against MICHAEL J. ROSALSKY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*Isidore Miller* [*Emil Katzka* with him on the brief], for the appellant.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

WHITMYER, J. In the course of his employment as a salesman or clerk, claimant slipped and fell on the floor of his employer's store at No. 762 Broadway, Brooklyn, N. Y., on December 21, 1928, and sustained a fracture of the tibia and fibula of the right leg, for which the award was made, under section 3, subdivision 1, group 18, of the Workmen's Compensation Law (as amd. by Laws of 1928, chap. 755; since amd. by Laws of 1929, chaps. 304, 702).

Whether or not four or more workmen or operatives were engaged or employed regularly by the employer in his business and whether or not claimant was a workman or operative within the meaning of the section, are the questions.

The employer was a retailer of army and navy goods, men's wear, and had two stores, one at No. 762 and the other at No. 805 Broadway, Brooklyn, N. Y.

Claimant testified that four or more workmen or operatives were regularly employed in the two stores, while the employer testified that three boys were so employed and that he had an

extra boy only a few days, so that there was evidence to sustain the finding of the Board as to the number employed in the two stores.

The employees were salesmen and clerks. The goods came in paper and wooden boxes. The shirts, shoes and rubber boots came in large ones. Some weighed as much as one hundred pounds. Goods came, sometimes once and sometimes twice a week.

It was the duty of the employees to open or to help to open the boxes and to put the stock on the shelves, and also to carry merchandise from one store to the other, when necessary.

All employees are not workmen or operatives within the meaning of the law. (*Krinsky* v. *Ward*, 193 App. Div. 557; affd., 231 N. Y. 525; *Matter of Europe* v. *Addison Amusements*, Id. 105, 110.)

Generally speaking, a workman is a man employed in manual labor, whether skilled or unskilled, an artificer, mechanic or artisan, and an operative is a factory hand, one who operates machinery. (*Matter of Europe* v. *Addison Amusements, supra*, 110.) And the group covers only regular employment.

In opening boxes the clerks were performing manual labor, but they did that work only once or twice a week and then all did not do it at the same time, but the work was distributed. It was not regular, but was intermittent and incidental.

It has been decided that a counterman, whose duties were to cut meats at the counter, to sell articles therefrom, and to give charge receipts therefor, was a workman regularly employed as such, because he acted as a waiter during the lunch hour, every day during the working days. (*Jurman* v. *Hebrew National Sausage Factory*, 198 App. Div. 456–458.)

And it has been decided that messengers, who brought up boxes of securities from the vaults in the basement each morning and returned them each evening, were not workmen within the meaning of the law, just because some of the boxes were heavy. (*Westbay* v. *Curtis & Sanger*, 198 App. Div. 25, 29; affd., 232 N. Y. 555.)

I think that the award should be reversed, with a dismissal of the claim, and with costs against the State Industrial Board.

HINMAN, Acting P. J., and DAVIS, J., concur; HILL and HASBROUCK, JJ., dissent and vote to affirm.

Award reversed and claim dismissed, with costs against the State Industrial Board.