HERMAN ACKERT, Respondent, v. LYMAN DELANO, Appellant.— Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. As the record stands the verdict that plaintiff was not a farm laborer was against the weight of evidence and against the law on the facts presented. There were two causes of action, one under the provisions of sections 10 and 11 and section 3, subdivision 1, groups 2 and 18, of the Workmen's Compensation Law; and one for common-law liability for negligence. The verdict was a general one, so that it is not possible to determine on which theory the verdict was rendered, or whether it was rendered on both theories. The plaintiff was employed on a large estate. He did ordinary farm work in the season when crops were cultivated. He did other work at times at the house and on the grounds and drives. This latter employment, in so far as this record discloses, was not his regular work but was casual, intermittent and incidental employment. (*Matter of Cohen* v. *Rosalsky,* 230 App. Div. 604; affd., 256 N. Y. 649.) The particular work in which he was engaged at the time of the accident was cutting up a fallen tree " in the woods," which would appear on its face to be a part of farm work, although a farmer would not ordinarily be cutting a fallen tree in June. On a new trial it may be possible for the plaintiff to establish by proof that his work was definitely separated into periods of farm labor and that of " handy man " about the house and grounds (See *Matter of Adams* v. *Ross,* 230 App. Div. 216), and that the work on the fallen tree was an engagement in his duties as an assistant in the care of the ornamental part of the estate in the nature of a park where there were bridle paths, instead of strictly farm work. Such proof was lacking on this trial. In any event the plaintiff is entitled to present his evidence on the question of defendant's liability for negligence at common law. Lazansky, P. J., Young and Davis, JJ., concur; Johnston, J., votes to reverse and to dismiss the complaint as to the first cause of

action and to grant a new trial as to the second cause of action. The proof shows that plaintiff was regularly engaged in ordinary farm work. While he did other small jobs they were merely incidental to his regular employment. I believe he was a farm laborer within the meaning of the statute and the first cause of action should be dismissed. Hagarty, J., dissents and votes to affirm, being of opinion that upon the evidence the jury was justified in finding that the plaintiff was not a farm laborer within the meaning of section 3, subdivision 1, group 18, of the Workmen's Compensation Law. (*Matter of Adams* v. *Ross*, 230 App. Div. 216.)