RAMÓN MONTANER, ETC., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent, and NICOLÁS MONGE, Petitioner before the Commission.

No. 6. Argued November 12, 1936.—Decided November 18, 1936.

*B. Fernández García*, Attorney General, *E. de Aldrey*, and *Luis Negrón Fernández* for petitioner. *M. León Parra* for respondent. *F. Rebollo López* for petitioner before Industrial Commission.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Workman Nicolás Monge worked as overseer of cattle and watchman for the Fajardo Sugar Growers' Association at a weekly salary of $12.

Among his duties were those of watching over the property, attending to the cattle, seeing to it that the farm implements were not stolen, and discharging the usual duties of a plantation watchman.

On one of the farms in his charge there were some quarries from which, by order of the owner, extraction of stone was expressly forbidden. Watchman Nicolás Monge had been charged with enforcing this order. On the morning of September 29, 1935, Santiago Ruiz entered the quarries to extract stone, just as he had done on previous occasions, against the will of Monge's employer. Monge did his duty, ejecting him from the property. Annoyed by this, on the afternoon of the same day, the said Santiago Ruiz attacked Monge in a cowardly manner and cut off his right hand with a machete.

The Manager of the State Fund was of the opinion that no compensation was payable for the incapacity suffered by Monge, in accordance with Section 4, Subdivision 3, of Act No. 45 of April 18, 1935 (Laws, p. 250), infra, and ordered the closing and filing of the case on June 4, 1936. On June 11, 1936, Monge requested in writing that the Industrial Commission review the case, and by order of October 23 of the same year, the Commission ordered the manager of the State Fund to pay Monge the compensation to which he was entitled by law. The manager moved for a reconsideration of this order, which was denied by order of November 2, 1936.

This Supreme Court is now requested to review the grounds for the order of the Industrial Commission of November 2, 1936, affirming that of October 23 of the same year.

The petitioner contends in his petition for review that the order complained of "is erroneous, contrary to law, null and without legal effect for the following reasons:

"(a) Because the Industrial Commission of Puerto Rico erred in deciding that Subdivisions 1, 2, 3, and 4 of Section 4 of the Workmen's Compensation Act approved on April 18, 1935, do not constitute exceptions to the provisions of Section 2 of the same act.

"(b) Because the cases of accidents occurring under the conditions enumerated in Subdivisions 1, 2, 3, and 4 of the act, supra, are restrictions and exceptions which prevent the award of compensation in those cases in which, in the absence of the circumstances specified in the said exceptions, a workman or employee would obtain the benefits of the said act.

"(c) Because even if the accident suffered by Nicolás Monge occurred in the course, and as a consequence, of his employment, it is expressly excluded from the benefits of the act, supra, by Subdivision 3 of Section 4 of the same, since the exceptions contained in the said Section cannot be applied to accidents other than those suffered in the course and as a consequence of the employment."

Because of their analogy we will discuss the contentions jointly.

Section 2 of the Workmen's Compensation Act cited (Act no. 45 of April 18, 1935, Laws, p. 250), provides, insofar as pertinent:

"Section 2.—The provisions of this Act shall be applicable to all such workmen and employees working for the employers to whom the following paragraph refers, as suffer injury, are disabled, or lose their lives by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment, and as a consequence thereof; or such as suffer disease or death caused by the occupations specified in the following section. Workmen and employees engaged in domestic service and those whose work is casual and is not included in the business, industry, profession, or occupation of such employer, and also such persons as work in their homes, are expressly excepted."

The other Section cited is Section 4 of the same act, which reads literally as follows:

"Section 4.—Accidents occurring under the following circumstances are not compensable labor accidents, and, therefore, shall not entitle a workman or employee, or his heirs, to compensation under this Act:

"1.   .   .   .   .   .   .   .   .   .

"2.   .   .   .   .   .   .   .   .   .

"3. When the injury is caused to the workman or employee by the criminal act of a third person:

"4.   .   .   .   .   .   .   .   .   . "

The third Subdivision of the Section last copied does not include those cases in which the workman is incapacitated, is injured, or dies in the discharge of work or employment the distinctive characteristic of which is the exposure of the employee to the possibility and probability of being injured by the criminal act of a third person. Watchmen, wardens, and officers of public order, among others, are exposed principally, in the exercise of their duties as such, to the only risk which the manager of the State Fund wishes to exclude from those which may be compensated, that is, to the risk of injury caused by the criminal act of a third person. And

if the petitioner can lawfully collect a premium for insuring the workman against this type of risk, he cannot lawfully insist, when it comes time to pay, that the incapacity derived from this risk may not be compensated.

Section 2 of the act refers, as we have seen, to "accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment, and as a consequence thereof." The act of ejecting Santiago Ruiz from the farm where he was trespassing, was an "act or function inherent" in the work or employment which Monge discharged; and the accident in which the latter lost his hand occurred in the course of such employment and as consequence thereof. We do not think that the intention of the legislator was to exclude from the benefits of the act workmen who are charged with preventing criminal acts against the property of the employer and are injured or lose their lives as a consequence of the discharge of those duties.

The exception established in Subdivision 3 of Section 4, supra, refers to injuries caused by the criminal act of a third person, in work or employment in which such risk is not the natural and probable consequence, or in which such risk is not an inherent characteristic of the same. *In re Heitz*, 112 N.E. 750.

*Polar Ice & Fuel Co.* v. *Mulray*, 119 N.E. 149, dealt with an employee named Mulray, to whom his subordinates had to render account of the ice turned over to them for sale. One of them was reproved and killed Mulray. The only question raised was whether the death occurred as a consequence of the employment of the latter. The Supreme Court of Indiana said:

"The rule is well established that a claim for compensation will not be denied simply because the accident occurred by reason of the unlawful and felonious act of some third person, if the employé actually sustained it by being specially and peculiarly exposed by the character and nature of his employment to the risk of the danger

which befell him. In other words, when the injury results from the conditions surrounding an employé at the time of the accident and under which he was required to perform his duties, then generally speaking, it arises out of the employment. *Union Sanitary Mfg. Co. v. Davis,* 115 N. E. 676.''

The Indiana court distinguishes the Davis case cited, on the ground that there it had been the claimant himself who had provoked the fight which caused the injuries that he suffered, and because his employment did not impose on him any duty to deal with any one who might attack him.

*In re Heitz,* supra, the Court of Appeals of the State of New York said:

''The act was passed to benefit workmen in hazardous employments who were without a legal remedy. Compensation is given without regard to the fault of the master at common law or under the Employers' Liability Acts. The law has been and should be construed fairly, indeed liberally, in favor of the employee.''

In the case of *Nevich v. Delaware, etc.,* 100 Atl. 234, the duty of the petitioner consisted in keeping a barrel always full of water, which he later distributed in pails to other employees of the defendant to mix cement. While he was distributing some pails two trespassers carried off the barrel. The petitioner's superior ordered him to recover it, and in doing so, he received the injuries for which he asked compensation. The New York Court of Appeals expressed itself as follows:

''As there was testimony tending to show that the superior of the petitioner directed him to get the barrel while it was in the hands of the persons carrying it away, there can be no doubt that the accident happened in the course of his employment, and also that it arose out of his employment, for he was reclaiming his employer's property by his direction from persons who were attempting to remove, without color of right, a part of the tools used by him in the performance of his service, and being directed by the defendant to reclaim the barrel, with knowledge of the existing conditions, *one being a possibility that the recovery of the property*

*might be resisted,* we are of opinion that the accident arose out of the employment, as well as in the course of it, and that the judgment of the Supreme Court on this branch of the case should be affirmed.'' (Italics ours.)

In a note on page 498 (499) of L.R.A. 1918 E it is stated:

''Although there has been some disagreement as to whether or not injuries caused by a deliberate and wilful assault by a third person could be considered as accidental, the courts now all agree that an employee who suffers injury will not be deprived of compensation, merely because such injury was the result of a deliberate and wilful assault by a third person, and not the result of inanimate causes.''

Further on the same note says:

''Where, however, the assault is such as is likely to happen because of the very nature of the work being performed by the employee, it has been held to arise out of and in the course of the employment.''

For other cases on the point, see the following: *Ohio Bldg. Safety Vault Co.* v. *Industrial Board,* (1917) 277 Ill. 96, 115 N. E. 149, 14 N. C. A. 224: *Chicago Dry Klin Co.* v. *Industrial Board,* (1916) 276 Ill. 556. 114 N. E. 1009, Ann Cas. 1918 B, 645: *Hellman* v. *Manning Sand Paper Co.* (1916) 176 App. Div. 127, 162 N. Y. Supp. 335: *Spang* v. *Broadway Brewing & Malting Co.* (1918) 182 App. Div. 443, 169 N. Y. Supp. 574; *Stertz* v. *Industrial Ins. Commission* (1916) 91 Wash. 588, 158 Pac. 256; *San Bernardino County* v. *Industrial Acc. Commission* (1917) 35 Cal. App. 33, 169 Pac. 255.

For the reasons stated, we are of the opinion that the petition for review must be denied and the order of the Industrial Commission affirmed in all its parts.

Mr. Chief Justice Del Toro took no part in the decision of this case.