Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of LUIGI MARIANO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* KRASNOGER BROTHERS, Employer, and LONDON GUARANTEE AND ACCIDENT COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, December 29, 1919.

**Workmen's Compensation Law — injury arising out of employment — injury during altercation between workmen at close of hours of labor — assault by employee of other contractor — award affirmed.**

Where a person employed as a carpenter in the construction of a building had been handling chalk in the course of his employment and went to the wash room before the closing of the day's work to wash his hands he was at the time in the discharge of his duties and in the course of his employment.

Where on entering the wash room he discovered an employee of another employer engaged in constructing the same building tied to the floor, and released him, with the result that he became involved in an altercation with the other employees, and it is found by the State Industrial Commission, on conflicting evidence, that he was assaulted by the superintendent of the other men and sustained severe injuries, he is entitled to an award against his own employer under the Workmen's Compensation Law.

COCHRANE and H. T. KELLOGG, JJ., dissent.

APPEAL by the defendants, Krosnoger Brothers and another, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 16th day of May, 1919.

*William Butler*, for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

LYON, J.:

The question presented by this appeal is whether the injury arose out of the employment. Krasnoger Brothers were engaged in constructing a building in the city of New York. The claimant was employed by them as a carpenter. Workmen in the employ of other employers were working on the same building. On August 10, 1916, during working hours, claimant entered a washroom and found a workman in the employ of the general contractor tied hand and foot and fastened to the floor. He asked claimant to untie him which the claimant did. Some workmen not in the employ of claimant's employer were angered at claimant's action and seized claimant and said they were going to tie him down, but claimant successfully resisted them. Before the altercation had entirely subsided, the structural superintendent having general charge of the work struck the claimant several times with a saw inflicting injuries for which claimant demands compensation. The State Industrial Commission awarded compensation against the employer, from which an appeal is taken.

The evidence is very conflicting. The evidence of the claimant and his witnesses tends to show that the attempt to tie the claimant had ceased, and that while the claimant was leaving the superintendent struck him. The evidence of the superintendent is that hearing the disturbance he went to the place to quiet it when claimant pushed him away and drew a knife; he attempted to restrain him but that claimant cut him in the shoulder three times; the superintendent retreated to another room and the claimant followed him; the superintendent picked up a saw and warned the claimant he would use it if claimant approached him; the claimant lunged sev-

eral times at the superintendent with the knife, and the superintendent struck him with the saw. The State Industrial Commission made no general finding as to the actual transaction, but made the general finding that the claimant was assaulted by the superintendent, and sustained severe injuries consisting of a linear fracture of the skull; an irregular transverse fracture of the left ulna, and lacerated wounds of the forehead and elbow, with severing of the ulna nerve. These injuries they find were accidental injuries, and arose out of and in the course of the claimant's employment.

The claimant had been handling chalk and went to the washroom just before the closing of the day's work to wash his hands. It would appear, therefore, that the claimant was in the discharge of his duties, and in the course of his employment. The employer in his report of the injury says that the employee was doing his regular work at the time he was injured. The claimant had been doing a merciful act to the employee in releasing him. There is evidence that the attempt to tie the claimant had ceased and that he was struck by the superintendent while leaving. This brings the case within the decision in *Matter of Carbone* v. *Loft* (219 N. Y. 579), in which the workman was struck three-quarters of an hour after the verbal altercation. The award of compensation was affirmed.

In *Matter of Waters* v. *Taylor Company* (218 N. Y. 248) the court held that an employee was acting within the scope of his employment so as to be entitled to the benefit of the act when he left the strict line of his employment in the attempt to rescue another workman technically in the employ of an independent contractor from a danger which threatened his life and which cost the life of the intercessor. The court held that it must have been within the reasonable anticipation of his employer that his employees would do just as Waters did if the occasion arose.

The award should be affirmed.

All concur, except COCHRANE and H. T. KELLOGG, JJ., dissenting.

Award affirmed.