Before State Industrial Board, Respondent.

In the Matter of the Claim of Edward P. Burke, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Edward F. Burke, v. Towner Bros., Employer, and Ætna Life Insurance Company, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

Workmen's Compensation Law — accidental injury — employee killed by fellow-employee who was aggressor — injury was accidental — injury arose out of and in course of employment.

The injury suffered by the claimant's intestate which caused his death was accidental where it appears that he was employed as a clerk and repairman and demonstrator of motorcycles; that his assailant was invited or at least permitted

by his employer to take part in a motorcycle test; that while the claimant was changing his shoes preparatory to taking part in a speed test and his assailant was changing his shoes after having completed a test, a dispute arose between them terminating in a fight which the decedent tried to stop; that during the altercation the decedent was kicked in the stomach and died a few minutes thereafter.

The injury arose out of and in the course of the employment of the deceased, since it appears that it was a part of the employment to participate in the motorcycle test and that the accident happened on the employer's premises at a time when the decedent was preparing to take part in a test.

APPEAL by the defendants, Towner Bros. and another, from a decision and award of the State Industrial Board, made on the 11th day of February, 1922, awarding the sum of $100 for funeral expenses and the sums of $100 and $900 to the State Treasurer under subdivisions 7 and 8, respectively, of section 15 of the Workmen's Compensation Law (as respectively added by Laws of 1917, chap. 705, and Laws of 1920, chap. 760).

*William H. Foster*, for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

VAN KIRK, J.:

The employers of the deceased were dealers in motorcycles and bicycles; they also conducted certain speed tests on a machine called a home trainer. The home trainer was in the front room or compartment of the building and the contestants changed their clothes in a rear room. Elsinger had just finished a test and went to this rear room. Burke was there. Elsinger and Burke each had one foot on a box, Elsinger putting on his street shoes and Burke taking his off preparatory to taking part in a speed test. It seems that there were two kinds of tests, one for speed and one for distance. Only one of these tests had been advertised, but later the employer announced another test; Elsinger thought this unfair; Burke thought it all right; then the dispute arose. There was jealousy between the two men, because Burke had made a better record than Elsinger on a former test. Elsinger pushed Burke from the box and some fighting followed. Burke grabbed Elsinger's hands and told him they better fight this out later after he had finished his test. Elsinger told him to let go his hands, which Burke did not do, and Elsinger thereupon kicked him in the stomach. He died as the result of the injury in about fifteen minutes. Burke did not start the dispute or fight; he tried to stop it.

Every employer, within the provisions of the Workmen's Compensation Law, must pay or provide compensation for the death of

his employee resulting from accidental injuries arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where it was occasioned by the willful intention of the employee to bring about the injury or death of himself or of another, or where it results solely from his intoxication while on duty. (Workmen's Compensation Law, § 10.) The deceased was not intoxicated, nor were his injuries occasioned by his willful intention to injure himself or another. Elsinger, not he, was the aggressor. Within the meaning of the statute, his injuries were accidental. The assault was a sudden and unlooked-for misfortune. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Verschleiser* v. *Stern & Son*, 229 id. 192.)

Did the injuries to Burke arise out of and in the course of his employment? The employer testified: " Edward F. Burke was employed by us in the store as a clerk and repairman and a demonstrator on this home trainer; and, previous to the night of the trouble, they had tests on the machine and in the tests Mr. Burke made a higher record than this Elsinger that he had an argument with that night. That apparently caused a jealousy between the two."

The fair inference, as drawn by the State Industrial Board, is that Burke's employment was in part to participate in these tests. On this day, by direction of his employer, Burke came to work at two in the afternoon; this very plainly in order that he might be present for the tests; his working hours had not expired when he was assaulted. While on his master's premises, in the place of his regular work and performing his duty, and because of a feeling or passion which arose out of a prior performance in his work, Elsinger (invited, or permitted by Burke's employer, to take part in these tests) made this unprovoked assault upon him. Burke at the time of the assault was preparing to take immediate part in a speed test and Elsinger, who had just finished, was in the position, as to him, of a fellow-employee. The assault was incidental to the performance of a duty Burke owed his master and was made while he was promoting his master's interest. (*Griffin* v. *Roberson & Son*, 176 App. Div. 6; approved, *Matter of Verschleiser* v. *Stern & Son, supra,* 196.) The State Industrial Board was justified in finding that Burke's injuries arose out of and in the course of his employment. (*Matter of Knocks* v. *Metal Packing Corp.*, 231 N. Y. 78, and cases cited *supra; Mariano* v. *Krasnoger Brothers*, 190 App. Div. 65; mod. and affd., 228 N. Y. 609; *Matter of Carbone* v. *Loft*, 219 id. 579.)

The awards to the State Treasurer are properly made. (*Watkinson* v. *Hotel Pennsylvania*, 195 App. Div. 624; affd., 231 N. Y. 562;

*McNamara* v. *New York State Railways,* 202 App. Div. 768; affd., 233 N. Y. 681.)

The award should be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.