BERNARD GOLDHIRSCH and Another, Plaintiffs, *v.* AMERICAN CHARACTER DOLL Co., INC., Defendant.

City Court of New York, January 3, 1930.

*Irving Hacker,* for the plaintiffs.

*Philip Goldfarb,* for the defendant.

NOONAN, J.   The complaint sets forth two causes of action, one by Bernard Goldhirsch to recover for personal injuries, and the other by Max Goldhirsch, the father of Bernard, to recover for loss of services and for moneys expended for medical attendance. The causes of action are brought against a corporation which employed Bernard at the time he was injured and also against a fellow-employee of Bernard who it is alleged was the cause of the injuries suffered.   In the complaint it is alleged that Bernard was assaulted by his fellow-employee and that his employer failed to use due care and prudence in the hiring of this fellow-employee and with knowledge of his vicious propensities neglected to discharge him, thereby maintaining a nuisance and providing a source of danger to the fellow-employees of this wicked servant.   The employer brings this motion under Rules of Civil Practice, rule 106, to dismiss the complaint for insufficiency.

The contention is that the forum for relief is not this court, but the State Industrial Board.   The complaint in paragraph 6 alleges that the plaintiff Bernard was injured " while in the discharge of his duties, under his employ with the defendant American Character Doll Co., Inc., and while engaged in the work assigned to him."   In paragraph 7 of the complaint it is alleged that the assault was committed " while the plaintiff was performing his work."   To be compensable under the Workmen's Compensation Law, the injury suffered by an employee must be an accidental one arising out of and in the course of the employment (§ 2, subd. 7).   It does not clearly appear from the complaint whether the assault was committed as an incident to the work of the plaintiff Bernard and as a risk attendant upon the same.   It is difficult to discover from the allegations of the complaint whether or not the injury was received under circumstances which grew out of a transaction relating to the employer's business.   It is not enough that the assault was committed while the plaintiff was doing the master's work.   It must also be shown that it was the result of the prosecution of the master's work.   An

employee may be seated at his work bench doing his work when assaulted. This fact alone would not entitle him to compensation under the statute. But if it is proven that he was assaulted while there was a controversy as to how the work should be done, then I think there would be supplied the essential fact that the injury arose out of the employment. In *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) the court held that the injury received to be compensable under the statute must be one which was suffered: (a) While the workman is doing the duty he is employed to perform, and (b) as a natural incident of the work. It must be a risk connected with the employment and flowing therefrom as a natural consequence and directly connected with the work. Other cases to the same effect are: *Matter of Scholtzhauer* v. *C. & L. Lunch Co.* (233 N. Y. 12); *Matter of Fried* v. *Quinlan, Inc.* (242 id. 496); *Matter of Schlener* v. *American News Co.* (240 id. 622); *Griffin* v. *Roberson & Son* (176 App. Div. 6); *Stillwagon* v. *Callan Bros.* (183 id. 141; affd., 224 N. Y. 714); *Burke* v. *Towner Bros.* (203 App. Div. 384); *Plouffe* v. *American Hard Rubber Co.* (211 id. 298).

The complaint should clearly state the ultimate facts so that the court can say whether the cause of action is one at common law. The cause of action of Max Goldhirsch is, moreover, badly pleaded and must be amended. There is no allegation in the complaint of the father that at the time of the assault his son was an infant and that he was duly appointed his guardian *ad litem*. Without these allegations the father cannot sue for loss of services.

The motion to dismiss the complaint is granted, with leave to serve an amended complaint within six days after the service of an order to be entered herein, with notice of entry thereof, and no payment of ten dollars costs. Order signed.