In the Matter of the Claim of GUSTAV HEITZ, Respondent, *v.* JACOB RUPPERT et al., Appellants.

**Workmen's Compensation Law — decision of commission final on questions of fact — when Court of Appeals will reverse award on question of law — when injury received in scuffle with fellow-workman is one "arising out of and in the course of employment."**

1. The decision of the commission is final on all questions of fact under the Workmen's Compensation Law (L. 1914, ch. 41) and it is presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of the act (§§ 20, 21), but when the undisputed facts in connection with the testimony of a claimant supported by every favorable inference that can be drawn therefrom do not warrant an award, this court will, upon an appeal from a non-unanimous affirmance by the Appellate Division, reverse upon the question of law thus presented.

2. Claimant, employed as a driver by a brewing company, brought his horses into the stable where a fellow-workman proceeded to wash them off with a hose. Claimant told his fellow-workman that he was using too much water on the horses, when such workman intentionally sprinkled some water on claimant, who then left the place. Shortly afterward claimant, returning to his work, met the other workman and as he passed touched him on the shoulder, saying, "George, don't do that again." The latter slapped claimant on the shoulder, and as claimant turned around a finger of the other man stuck in claimant's left eye, causing injuries by reason of which it was necessary to remove the eye. *Held*, that the evidence is suf-

ficient to permit the commission to find that the accident (a) arose out of and (b) in the course of employment, and, hence, the award to claimant by the compensation commission was properly affirmed by the Appellate Division.

*Matter of Heitz,* 171 App. Div. 961, affirmed.

(Argued April 12, 1916; decided May 2, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1915, affirming an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Grant C. Fox* for appellants. The disability of the claimant Heitz did not result from an accidental injury "arising out of and in the course of his employment." (*Fitzgerald* v. *Clarke & Son,* L. R. [2 K. B. 1908] 796; *Plumb* v. *Cobden F. M. Co.,* L. R. [App. Cas. 1914] 62; *Challis* v. *L. & S. W. Ry. Co.,* L. R. [2 K. B. 1905] 154; *Armitage* v. *L. & Y. Ry. Co.,* L. R. [2 K. B. 1902] 178; *McNicol's Case,* 215 Mass. 417; 8 Thomp. on Neg. § 4575c; Ruegg's Emp. Liability & Workmen's Compensation [7th ed.], 273; *Moore* v. *L. V. R. R. Co.,* 154 N. Y. Supp. 620; *Bryant* v. *Fissell,* 84 N. J. L. 72; *Matter of Moore* v. *L. V. R. R. Co.,* 169 App. Div. 177 *Moore* v. *Manchester Liners,* 79 L. J. K. B. 1175; *Andrew* v. *Failsworth Industrial Society,* L. R. [2 K. B. 1904] 32.)

*S. John Block* for respondent. The decision of the commission is final as to all questions and conclusions of fact. It is a question of fact whether or not the injury was sustained "in the course of and arose out of the employment." This court may not review the conclusions of fact made by the commission. (*Matter of Goldstein* v. *Centre Iron Works,* 167 App. Div. 526; *Matter of Schwab* v. *Emporium Forestry Co.,* 167 App. Div. 614; *Matter of Powley* v. *Vivian & Co.,* 169 App. Div.

170; *Matter of Harnett* v. *Steen Co.*, 216 N. Y. 101.) The presumptions created by section 21 of the Workmen's Compensation Law and which establish the validity of the claim have not been overcome by any substantial or other evidence. (*Matter of Rheinwald* v. *B. B. & S. Co.*, 168 App. Div. 425; *Matter of McQueeney* v. *Sutphen & Myer*, 167 App. Div. 528.) The conclusions of the commission must be affirmed and the award sustained, for the injury was sustained in the course of and arose out of the employment. (*McNichol's Case*, 215 Mass. 497; *Matter of Smith* v. *Price*, 168 App. Div. 421; *Matter of Petrie*, 215 N. Y. 335.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for state industrial commission. The accidental injuries sustained by Heitz arose out of and in the course of his employment. (*Challis* v. *L. & S. W. Ry. Co.*, 7 W. C. C. 23; *Rowland* v. *Wright*, L. R. [1 K. B.] 963; *T. J. D. School* v. *Kelly*, 136 L. T. J. 605; *Nisbet* v. *Rayne & Burn*, 3 B. W. C. C. 507; *Addison* v. *Balfour*, 3 N. C. C. A. 275; *Weekes* v. *William Stead, Ltd.*, 6 N. C. C. A. 1010; *McNicol's Case*, 215 Mass. 497.)

Pound, J. This is an appeal by the employer and the insurance carrier from an order of the Appellate Division, third department, affirming by a divided court an order of the state workmen's compensation commission awarding compensation. Claimant was injured when engaged in a hazardous employment. (Workmen's Compensation Law [Cons. Laws, ch. 67; L. 1914, ch. 41], § 2, group 27.) The question is whether he received an "accidental" injury "arising out of and in the course of employment." (Workmen's Compensation Law, § 3, sub. 7.) The decision of the commission is final on all questions of fact (Workmen's Compensation Law, § 20), and it is presumed in the absence of substantial evidence to the contrary that the claim comes within the provisions of the

act (Workmen's Compensation Law, § 21), but when the undisputed facts in connection with the testimony of the claimant supported by every favorable inference that can be drawn therefrom do not warrant an award, this court will, upon an appeal from a non-unanimous affirmance by the Appellate Division, reverse upon the question of law thus presented. (*Jerome* v. *Queen City Cycle Co.*, 163 N. Y. 351, 357.)

The facts are as follows: Claimant on July 14, 1914, was employed as a driver by Jacob Ruppert, Inc., which was engaged in the business of carrying on a brewery. He brought his horses into the stable, where Guth, a fellow-workman, and he unharnessed the horses and proceeded to wash them off with the hose. Claimant told Guth he was using too much water on the horses, and Guth then intentionally sprinkled some water on claimant. Shortly after, claimant having briefly left the place where the horses were being washed, was returning to his work of cleaning the horses when he met Guth. As they passed claimant touched Guth on the shoulder, saying, "George, don't do that again." Guth slapped claimant on the shoulder, and as claimant turned around Guth's finger stuck in claimant's left eye, causing injuries by reason of which it was necessary to remove the eye.

That the injury was accidental within the meaning of the statute seems clear. It was a sudden and unlooked-for misfortune, and the purpose of the act is to insure the workman at the expense of the employer against personal injuries not expected or designed by the workman himself, provided such injuries arise out of and in the course of employment. (*Trim Joint District School Board* v. *Kelly*, by Viscount HALDANE, Lord Chancellor, House of Lords [L. R. 1914] A. C. 667, at page 679.) But the statute does not provide an insurance against every accident happening to the workman while he is engaged in the employment. The words "arising out of and in the course of employment" are conjunctive, and relief can be had

under the act only when the accident arose both "out of" and "in the course of" employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work. A premeditated fatal assault upon a schoolmaster by bad and unruly pupils has been held to be an accident arising out of and in the course of the employment. (*Trim Joint District School Case, supra.*) The death of a workman, while he was doing the work for which he was hired, as the result of an assault upon him by an intoxicated fellow-workman whose vicious habits and disposition were known to the foreman was held to be due to the causal connection between the injury to the deceased and the conditions under which the defendant required him to work. (*McNicol's Case,* 215 Mass. 497.) On the other hand, the act has not been applied to accidents resulting from the chances of life in general to which the victim of misfortune was exposed in common with all mankind rather than as employee. In *Craske* v. *Wigan* ([L. R. 1909] 2 K. B. 635), for example, the nurserymaid, frightened by a cockchafer or giant beetle which flew into the room where she was at work, involuntarily threw up her hand to drive it away and stuck her finger in her eye, thus causing permanent defective vision, and it was held that this was a risk common to all, an accident that might happen to any one, and not arising out of or caused by the employment. (See, also, *Rayner* v. *Sligh Furniture Co.,* 180 Mich. 168; *Same Case,* L. R. A. 1916a, 22, with notes of cases generally on Workmen's Compensation Acts.) Injuries received through skylarking or horse play during working hours and at the place of work have been considered by the courts, and it has been held that an accident caused to a workman, while engaged in his work, by the wrongful act of a fellow-workman, entirely outside

1916.]                    Opinion, per POUND, J.                    [218 N. Y.]

the scope of his employment, has no relation to the employment and is not within the act. (*Hulley* v. *Moosbrugger*, N. J. Court of Errors and Appeals [95 Atl. Rep. 1007], reversing *S. C.*, 87 N. J. L. 103.) Altercations and blows may, however, arise from the act of a fellow-servant while both are engaged in the employer's work and in relation to the employment. The employer may be badly or carelessly served by two men engaged in his work, and yet it may be inferred, when one injures the other in a quarrel over the manner of working together in a common employment, that the accident arose out of the employment and was not entirely outside of its scope, if it was connected with the employer's work and in a sense in his interest. Such cases necessarily present close questions of fact. In *M'Intyre* v. *A. Rodger & Co.* (41 Scottish Law Reporter, 107) the Court of Session held that an accident resulting from a tussle between two workmen over the possession of a brush to be used in the work arose out of and in the course of the employment. "But they were both at work," says Lord TRAYNER, "McIntyre doing his work and Clark anxious to get at his work, and in the course of preparing himself for the continuance of his work."

We shall not attempt to formulate any more accurate rules to govern all cases than the general principles above stated. Each case must to a certain extent stand alone. In negligence cases it is not unheard of for different juries to reach opposite conclusions on the same evidence when no claim could be made that either verdict was without evidence to support it. Where conflicting inferences from the same facts are possible, different triers of facts may draw different conclusions, and the weight of evidence is not for consideration in this court. (*Matter of Case*, 214 N. Y. 199, 203.) The evidence in this case is sufficient to permit the commission to find that the following facts sought to be proved were established: that it was an obligation of claimant's

employment to take care of the horses which he drove and to see that they were not injured by injudicious wetting or otherwise by his fellow-workmen; that in the course of their employment — while the two men were at work — a quarrel or argument over the wetting of the horses arose and personal injury grew out of the physical contact resulting from the quarrel, and that, therefore, the accident (a) arose out of and (b) in the course of employment.

The act was passed to benefit workmen in hazardous employments who were without a legal remedy. Compensation is given without regard to the fault of the master at common law or under the employers' liability acts. The law has been and should be construed fairly, indeed liberally, in favor of the employee. Against its justice or economic soundness nothing can be said. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514.) The power of the legislature to enact such laws is expressly declared to be beyond the limitations of the state Constitution. (Const. N. Y. art. 1, § 19.) It would not be difficult, by an adherence to the concepts of liability for negligence, based on the failure to foresee and prevent accident (*Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271), rather than to the principles of industrial insurance for injuries suffered by workmen in the course of their employment without regard to fault as a cause of such injury (Workmen's Compensation Law, § 10; *Matter of Post* v. *Burger & Sohlke*, 216 N. Y. 544), to defeat the purpose of the constitutional and legislative provisions. We think that the doctrine of liability without fault is now too firmly established to require this court to dispose of the question on the facts here presented as a question of law.

The order appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK and SEABURY, JJ., concur; HISCOCK and HOGAN, JJ., dissent.

Order affirmed.