Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SALVATORE LEONBRUNO, Respondent, for Compensation under the Workmen's Compensation Law, v. CHAMPLAIN SILK MILLS, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — injury arising out of and in course of employment — injury caused by being struck in eye with apple thrown by fellow-servant while engaged in horse-play with others.**

Where a claimant received an injury to his eye by being struck by a piece of apple thrown by a fellow-servant who at the time was engaged in horse-play with other fellow-servants around the claimant at a time when the claimant was attending strictly to his work, the accident was one " arising out of and in the course of his employment," as horse-play or pranks among employees during the hours of labor are as much an element of risk in an occupation as any other element that enters into such risks. KILEY, J., dissents, with memorandum.

APPEAL by the defendants, Champlain Silk Mills and another, from an award of the State Industrial Commission, made on the 17th day of November, 1919.

*Jeremiah F. Connor*, for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission has found as conclusions of fact that on the 15th day of August, 1919, Salvatore Leonbruno was working for his employer at its plant, and while engaged in the regular course of his employment cleaning machinery, and while devoting all of his time to this occupation, two fellow-servants were engaged in horse-play in the same room with him, and one of his fellow-servants threw a piece of apple at the other, and the piece of apple struck Salvatore Leonbruno in the left eye, tearing the iris thereof, and producing a hemorrhage in the exterior chamber of the

left eye. It was found as a fact, likewise, that at no time did the claimant participate in the horse-play carried on by his fellow-servants, nor did he have knowledge of the same.

The employer and insurance carrier appeal from the award, and while conceding that the injury occurred while the claimant was doing the work he was employed to perform, urge that the injury was not a natural incident of the work because it was not due to any risk connected with the employment, and was in no manner connected with the work. In view of the purpose sought to be served by the Workmen's Compensation Law, the disposition is to sustain awards which come within the spirit of the act, where this is consistent with its letter, but the requirement of the statute (§ 10) is that the accident must be one " arising out of and in the course of his employment," and both conditions must concur. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, 151.) The claimant was, it appears, attending strictly to his work; he was not in any sense a party to the horse-play going on about him. But since the world began men have indulged in more or less horse-play or pranks during the hours of labor, and it is as much an element of risk in an occupation as any other element that enters into such risks. One of the main objects of this law is to assure compensation where there is no legal liability.

The award should be affirmed.

All concur, except KILEY, J., dissenting, with a memorandum.

KILEY, J. (dissenting):

I respectfully submit that *Matter of De Filippis* v. *Falkenberg* (170 App. Div. 153; affd., 219 N. Y. 581) controls on this appeal rather than *Matter of Heitz* v. *Ruppert* (218 N. Y. 148). In the *Heitz* case conditions, conversations and acts preceding the accident were with reference to service then being performed and as to how it should be performed; not so here; nothing could be more foreign to the service than the means used to cause the accident. Such was the principle upon which the *De Filippis* case was decided and is against the claimant in this case.

I dissent and advise reversal.

Award affirmed.