In the Matter of the Claim of BERTHA SCHOLTZHAUER et al., Respondents, against C. & L. LUNCH COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's Compensation Law — waitress employed by a lunch company shot and killed by a negro employed by the same company because she refused invitation to go out with him — murder, while it arose during the course of the employment, did not arise out of it — erroneous award to dependents of deceased.**

1. To justify the state industrial board in making an award, the injury complained of must have arisen both out of and in the course of the employment. It must have been received while the employee was doing the work for which he was employed, and in addition thereto, such injury must be a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work.

2. Where a waitress employed by a lunch company was shot and killed by a negro, employed as a dishwasher at the same place, because she had declined an invitation to go out with him and had stated to another employee that she would not go out with a negro, the murder, while it arose during the course of, did not arise out of, the employment, but because the deceased refused to accept the negro's invitation and his anger by reason thereof. The fact that the murder took place on the employer's premises was a mere incident. It might equally well have happened elsewhere and the determination of the industrial board granting an award to the dependents of the deceased cannot be sustained, since an award cannot be made where the accident results from the chances of life in general to which the injured person was exposed in common with all mankind rather than as an employee. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, 152, followed.)

*Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 197 App. Div. 916, reversed.

(Argued January 10, 1922 decided February 28, 1922.`

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1921, unanimously affirming

an award of the state industrial commission made under the Workmen's Compensation Law.

*Charles B. Sullivan* and *Alfred W. Andrews* for appellants. The homicide did not arise out of the employment. The hazard of being murdered on account of either unrequited love or a refusal to " go out " with a man cannot be recognized as a particular hazard of a waitress' employment. (*Heitz* v. *Ruppert,* 218 N. Y. 148; *Carbone* v. *Loft,* 219 N. Y. 579; *Markell* v. *D. G. F. Shoe Co.,* 221 N. Y. 493; *Verschleiser* v. *Stern & Son,* 229 N. Y. 192; *Leonbruno* v. *C. S. Mills,* 192 App. Div. 858; 229 N. Y. 470; *Heidemann* v. *Am. Dist. Tel. Co.,* 230 N. Y. 305; *Lorchitsky* v. *Gotham F. B. Co.,* 230 N. Y. 8; *Sassano* v. *Paino,* 226 N. Y. 699; *Knocks* v. *M. P. Corp.,* 231 N. Y. 78; *Klotz* v. *B. U. Furnace Co.,* 194 App. Div. 949.) It is not enough to say the homicide would not have occurred if deceased had not been engaged in this employment at that place. That was but the circumstance whereby the parties met each other. The claimant must go further and show that deceased was exposed by the nature of the employment to the particular danger which caused the injury, and that such danger arose out of such employment. (Willis on Workmen's Comp. [15th ed.] 28; *Croske* v. *Wigan,* 2 K. B. 635; *Amys* v. *Barton,* 5 B. W. C. C. 124.)

*Charles D. Newton,* Attorney-General (*E. C. Aiken* of counsel), for respondents. The accident by which Irma Scholtzhauer met her death arose out of and in the course of her employment. (*Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470; *Verschleiser* v. *Stern & Son,* 229 N. Y. 192; *Carbone* v. *Loft,* 219 N. Y. 579; *Sassano* v. *Paino,* 226 N. Y. 699; *Lorchitsky* v. *Gotham F. B. Co.,* 230 N. Y. 8; *Heidemann* v. *Am. Dist. Tel. Co.,* 230 N. Y. 305; *Knocks* v. *Metal Packing Corp.,* 231 N. Y. 78; *Cranney's Case,* 122 N. E. Rep. 266; *Trim J. D. School* v. *Kelly,*

7 B. W. C. C. 274; *Nisbet* v. *Rayne & Burn*, 3 B. W. C. C. 507.)

McLAUGHLIN, J.   On the 28th of June, 1919, Irma D. Scholtzhauer, daughter of the claimant, was employed as a waitress by the C. & L. Lunch Company, at 2246 Broadway, New York city. There was employed at the same time, by the same company, a colored dishwasher by the name of Arthurs. About six o'clock in the afternoon of the day named Arthurs invited the daughter to go out with him that evening. She declined the invitation and stated to another employee that she would not go out with a negro. Her statement to this effect having been repeated to Arthurs, made him very angry. Shortly thereafter, when the daughter took some dishes to the place where Arthurs was working, and pushed them through an opening in the partition between the restaurant and the kitchen, he drew a pistol and shot her, and immediately ran from the kitchen to the restaurant, again shot her, and she died shortly thereafter. Claims for compensation were filed by the mother and two sisters of the deceased, on the ground that they were dependents. The claims of the sisters were not allowed, but that of the mother was. An appeal was taken by the employer and insurance carrier to the Appellate Division, third department, where the determination of the industrial board was unanimously affirmed. Permission was thereafter given to appeal to this court.

To justify the state industrial board in making an award, the injury complained of must have arisen both out of and in the course of the employment. It must have been received while the employee was doing the work for which he was employed, and in addition thereto, such injury must be a natural incident to the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly

connected with the work. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.) An award cannot be made where the accident results from the chances of life in general to which the injured person was exposed in common with all mankind rather than as an employee. (*Matter of Heitz* v. *Ruppert, supra,* 152; *Craske* v. *Wigan*, L. R. 1909, 2 K. B. 635; *Thom* v. *Sinclair*, 1917, A. C. 137; *Dennis* v. *White & Co.*, 1917, A. C. 479; *Rayner* v. *Sligh Furniture Co.*, 180 Mich. 168.)

The authorities cited by the respondent are not in point. The injury in such cases all arose over some dispute as to the work to be done by the employee or in some other way were directly traceable to and connected with the employment. Here, the injury to the daughter, while it arose during the course of, did not arise out of, the employment. The only suggestion that the employment had any bearing on the injury was that the employment brought the two persons together. The murder, however, arose not out of the employment, but because the deceased refused to accept Arthurs' invitation, and his anger by reason thereof. The fact that the murder took place on the employer's premises was a mere incident. It might equally well have happened on the sidewalk in front of the building or while the daughter was on her way home, or at any other place where Arthurs had chanced to meet her. Had Arthurs made the proposal to the daughter while she was away from the place of employment, and after her rejection of it had killed her, it could not with any reason be contended that a claim could arise under the Compensation Law.

The order of the Appellate Division and the determination of the industrial board are, therefore, reversed and the claim dismissed, with costs against the industrial board in this court and the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur; CRANE, J., dissents.

Order reversed, etc.