A. M. He unintentionally fell asleep. Several hours thereafter he was discovered by a resident of a house in the immediate vicinity and was by him conveyed to his destination. Later in the day he discovered that his left foot had been frozen. It was subsequently amputated and for the loss thereof the award in question has been made. The question was whether the loss of the foot was an injury arising out of and in the course of the employment.

*Edward P. Mowton* for appellant.

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for State Industrial Board, respondent.

*Walter N. Renwick* for claimant, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, Mc-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of JAMES DE SALVO, Appellant, against EDWARD S. JENKINS et al., Respondents.

*Workmen's compensation — watchman while sitting in office struck by bullet from air gun in hands of boy who had entered office for undisclosed purpose — injury not arising out of employment.*

*De Salvo* v. *Jenkins*, 205 App. Div. 198, affirmed.

(Submitted October 3, 1924; decided October 21, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 6, 1924, affirming a decision of the State Industrial Board which dismissed a claim made under the Workmen's Compensation Law. Claimant was employed as a night watchman. While in the office of his employer's warehouse two small boys, whom he knew, entered the office, one of the boys having an air rifle in his possession at the time. Shortly after the two boys entered the office another boy, also known to the claimant, entered the office, and took the air gun from the boy who previously had it, and while the air gun was being manipulated by this third boy a bullet was released from it, which struck the claimant in the left eye, with the result

of loss of sight therein. The State Industrial Board. found that the injury thus received by the claimant occurred during the course of his employment, but did not arise out of his employment.

*George S. Wing* for appellant.
*Walter L. Glenney* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Transfer Tax upon the Estate of CORNELIA P. LOWELL, Deceased.

STATE TAX COMMISSION, Appellant and Respondent; WALTER C. BAYLIES et al., as Executors, Respondents and Appellants.

*Tax — transfer tax — estate of non-resident decedent — assets consisting of bonds of New York corporation not physically present in this State not taxable here.*

*Matter ·of Lowell ·(Estate)*, 208 App. Div. 201, affirmed.

(Argued October 3, 1924; decided October 21, 1924.)

APPEAL, by State Tax Commission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 21, 1924, which reversed an order of the New York County Surrogate's Court, in so far as. it assessed a transfer tax upon assets consisting of bonds of a New York corporation which at the time of the death of decedent, a non-resident, were in another State. Appeal by executors from so much of said order as awards costs to · the State Tax Commission payable out of the estate.

*Seth T. Cole* and *Charles A. Curtin* for State Tax Commission, appellant and respondent.

·*Joseph F. McCloy, Thomas A. S. Beattie* and *Heber Smith*, for executors, respondents and appellants.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.