Before STATE INDUSTRIAL BOARD, Respondent.

WILLIAM F. SCHLENER, Respondent, *v.* THE AMERICAN NEWS COMPANY and Another, Appellants.

Third Departme t, November 13, 1924.,

**Workmen's compensation — claimant was injured by intoxicated fellow-servant after refusing to loan him money — assailant, although employee, had not been working for several days — assault occurred during working hours — injury arose out of and in course of employment.**

The claimant suffered an injury arising out of and in the course of his employment, since it appears that while he was engaged at work he was assaulted by an intoxicated fellow-servant after he had refused to loan him some money, although the fellow-servant had not been working for eight days prior to the assault, apparently because of his intoxicated condition.

The claimant did nothing to initiate the assault, which was due solely to the fact that his fellow-servant was intoxicated, and it was the work of the claimant which brought him into the presence of the intoxicated man and exposed him to the risk arising from such intoxication.

VAN KIRK and MCCANN, JJ., dissent, with opinion.

APPEAL by the defendants, The American News Company and another, from an award of the State Industrial Board made on the 24th day of July, 1923.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

While claimant was at work wrapping paper bundles for train delivery at five A. M., an intoxicated fellow-servant asked him for the loan of $1. This was refused by claimant and as he kept at his work with his head turned from the fellow-servant the latter cut him with a knife causing a facial disfigurement for which an award of $750 has been made. The fellow-servant, although in the service of the employer, had not been working for eight days, apparently because of his intoxicated condition. The only point raised against the award is that the case is not distinguishable from *Matter of Scholtzhauer* v. *C. & L. Lunch Co.* (233 N. Y. 12), where a waitress was shot by a negro fellow-servant who had invited her to go out with him one evening and who was angry because of her statement to a third employee " that she would not go out with a negro." We think the two cases are not similar. In that case the employment " brought the two persons together " but that fact was held to have no " bearing on the injury." Here the assault was due to the intoxication of a fellow-employee. In that view of the case it may be said in the language of the opinion in the case cited that the injury was " directly traceable to and connected with the employment." It is true that the assailant had not been working for eight days but he was nevertheless continued in the service of the employer and his presence at five o'clock in the morning was evidently because he thought that as an employee he had a right to be there. The employer in the report of injury describes the assailant as a " driver." He was continued in the employment after the assault. Where an employee is assaulted by' an intoxicated fellow-employee and the assault is due to the fact of intoxication it would seem that the occurrence arose " out of " as well as " in the course of " the employment. It is to be observed that in the *Scholtzhauer Case* (*supra*) it was not the refusal of the waitress to accept the invitation of the negro which aroused his anger but her statement to another employee of her reason for such refusal and the repetition of such statement to the negro. That feature of that case was brought out by Mr. Justice HINMAN in *Rosmuth* v. *American Radiator Co.* (201 App. Div. 207), and in respect thereto he says: " In that sense she initiated the assault." Here the claimant did nothing to initiate the assault. On the contrary, it would not have occurred had the assailant not been intoxicated. It was due solely to that fact. It was the work of the claimant which brought him into the presence of this intoxicated person and exposed him to the risk arising from such intoxication. " He was brought by the conditions of his work ' within the zone of special danger.' " (*Matter of Leonbruno* v. *Champlain Silk*

*Mills,* 229 N. Y. 470; *Matter of Verschleiser* v. *Stern & Son,* Id. 192; *Matter of Katz* v. *Kadans & Co.,* 232 id. 420.)

The award should be affirmed, with costs to the State Industrial Board.

All concur, except VAN KIRK, J., dissenting with an opinion in which McCANN, J., concurs.

VAN KIRK, J. (dissenting):

The assailant here asked claimant for a loan; it was refused; he became angry and later turned back and cut claimant with a knife. The assailant was not working that day and had not been for some days. He came where claimant was working to borrow money, not to work. The request for a loan was in no wise connected with the employment. It would as likely have been made had he met claimant in the street, or at his home. It does not appear that the acquaintance between the two was due to the employment. The claimant said they had been friends for about five years; so it is even doubtful if the employment brought the two together. The assailant, knowing where he would be likely, at the time, to find friends or men with whom he had worked, went there to borrow money from one of them. The injuries did not arise from a dispute as to work; the assault was in no wise connected with, nor was it a natural consequence of, the work; it was not made by one at the time a co-worker. The argument in the *Scholtzhauer Case* (233 N. Y. 12) is quite applicable to this case. In that case the daughter of claimant was invited by another employee, while at their place of work, to go out in the evening; she refused; he became angry and shot her. Judge McLAUGHLIN, writing for the court, said that to justify an award, "it [the injury] must have been received while the employee was doing the work for which he was employed, and in addition thereto, such injury must be a natural incident to the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work. (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148.) An award cannot be made where the accident results from the chances of life in general to which the injured person was exposed in common with all mankind rather than as an employee.   *   *   *
The murder, however, arose not out of the employment, but because the deceased refused to accept Arthurs' invitation, and his anger by reason thereof. The fact that the murder took place on the employer's premises was a mere incident. It might equally well have happened on the sidewalk in front of the building or while the daughter was on her way home, or at any other place where

Third Department, November, 1924.        [Vol. 210

Arthurs had chanced to meet her." It is altogether likewise in respect to a request for a loan; this risk is not confined to employees. In *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.* (229 N. Y. 489, 494) the court said: " The statute is not applicable to an injury which arises through a danger or hazard dissociated from or not inherent in the nature of the employment as its source and to which the employee would have been equally exposed apart from the employment. This conclusion is not affected by the fact that the employee would not, except for the employment, have been where such danger or hazard existed. An injury does not arise out of the employment unless the hazard causing it is, within rational apprehension, an attribute of or peculiar to the specific duties of the employment. The fact that the contract of employment exists and necessitates the acts of performance may or will occasion for the employee risks not reasonably incidental to the character of the work or employment. For the injuries caused by or flowing from those risks the statute does not direct or permit compensation." What happened to the claimant in the instant case might have happened to him anywhere, and, if it had happened away from the place of employment, as said in the *Scholtzhauer Case (supra),* " it could not with any reason be contended that a claim could arise under the Compensation Law." The assailant here had been drinking, but was not crazy drunk. He wanted money; he was able to go, and knew enough to go, to get it from an acquaintance. He not only saw the claimant, but also on this occasion he asked at least one other employee for a loan. He became angry because the loan was refused.

It does not seem to me that the cases cited to support the opposite view are applicable. In *Matter of Katz* v. *Kadans & Co.* (232 N. Y. 420) the question was " whether the employment exposed the workman to the risks by sending him on to the street, common though such risks were to all on the street." The claimant in that case, driving a car in his master's business, was stabbed by an insane man, who was being pursued by " a lot of people." The court held that the claimant by his employment was exposed to a risk peculiar to the street. " The danger must result from the place to make it a street risk, but that is enough if the workman is in the place by reason of his employment, and in the discharge of his duty to his employer * * * The risk of being stabbed by an insane man running amuck seems in a peculiar sense a risk incidental to the streets to which claimant was exposed by his employment." If the insane man had run inside a factory and there assaulted an employee, this holding would have no application. In *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y.

470) the claimant was struck in the eye by an apple which one fellow-servant, a boy, threw at another boy. The court held, as stated in the headnote, that the accident was within the statute since the claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life. In *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192) a fellow-employee dropped a piece of raw meat down claimant's neck. The claimant, believing the attack to have been made by a man behind him, struck this man several times with a piece of flesh. The assaulted man thereupon kicked the claimant, causing the injuries. The court said that the claimant was not the aggressor. In his excitement he defended himself by a counter attack upon, as it seems, another employee, with the resulting injury to himself. He did not initiate the " melee," but was desirous only of transacting his master's business in peace. In *Rosmuth* v. *American Radiator Co.* (201 App. Div. 207) the claimant was assaulted and robbed on pay night about one o'clock, while engaged with a companion in hauling cinders from his employer's plant to a dump about 200 feet away. The court simply held that " the risk is accentuated by the incidents of the employment. The question is whether there was a special exposure to the peril. * * * The fact that the duties of Rosmuth called him to a lonely spot, 200 feet away from the plant after midnight, immediately following pay night which was a matter of common knowledge in the community, furnishes sufficient evidence that the object of the assault was robbery and that ' he was brought by the conditions of his work " within the zone of special danger." ' * * * Since the employment directly contributed to the risk by added exposure to a common peril the accident may be said to have arisen out of his employment."

The risk in the instant case was not one reasonably to be apprehended, nor one reasonably incidental to the employment, nor was the injury suffered because claimant was in touch with associations and conditions inseparable from factory life, nor because a fellow-workman sought to tease and harass him, nor because the employment contributed to the risk by added exposure to a common peril.

The award should be reversed and the claim dismissed.

McCANN, J., concurs.

Award affirmed, with costs in favor of the State Industrial Board.