In the Matter of the Claim of AUGUST RYDEEN, Appellant, against MONARCH FURNITURE COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — injury to foreman from blow struck by employee during dispute — injury received in course of and arising out of employment when dispute was over work which both were employed to do.**

Where an employee, who with his foreman was engaged in loading a truck with lumber, left before the work was completed without notifying the foreman who, after waiting awhile, went after the employee and spoke to him about his conduct, resulting in a dispute or quarrel during which the employee struck the foreman, the resulting injury was received in the course of the employment and arose out of it. The dispute was over the work which both were employed to do and what the foreman did was in pursuit of his employment and in furtherance of his employer's business. (*Matter of Knocks* v. *Metal Packing Corp.*, 231 N. Y. 78; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, followed.)

*Matter of Rydeen* v. *Monarch Furniture Co.*, 212 App. Div. 843, reversed.

(Argued May 4, 1925; decided June 2, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 25, 1925, affirming a decision of the State Industrial Board denying compensation to claimant under the Workmen's Compensation Law.

*J. S. Fowler* for appellant. The injury to the claimant arose out of and in the course of his employment and he is entitled to compensation therefor. (*Heitz* v. *Ruppert*, 218 N. Y. 148; *Knocks* v. *Metal Package Corp.*, 231 N. Y. 78; *Ives* v. *South Buffalo Railway Co.*, 210 N. Y. 271; *Matter of Yume*, 3 State Dept. Rep. 353; 169 App. Div. 905; *Rossmuth* v. *American Radiator Company*, 201 App. Div. 207; *Matter of Europe* v. *Addison Amusements*

*Co.*, 231 N. Y. 105; *Sprang* v. *Broadway Brewing & Melting Co.*, 182 App. Div. 443; *Verschleiser* v. *Stern & Son*, 229 N. Y. 192.)

*John S. Leonard* and *Louis L. Thrasher* for respondents. Injuries growing out of altercations between employees are subject to the same rule as any other injury, *i. e.*, it must appear before recovery may be had that the injury arose " out of " and " in the course of " the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Frost* v. *Franklin Co.*, 204 App. Div. 700.) The present claim falls within that class of cases which hold that the employee has stepped aside from his employment, and his act was one which had no relation to the employer's interest. (*De Filippis* v. *Falkenberg*, 170 App. Div. 153; *Griffin* v. *Roberson & Son*, 176 App. Div. 6; *Matter of Stillwagon* v. *Callan Bros.*, 183 App. Div. 141; *Stein* v. *Williams Printing Co.*, 195 App. Div. 336.)

CRANE, J. · The quarrel in this case between the two employees Rydeen and Foster arose we think out of and in the course of the employment. The dispute which resulted in Rydeen's injury was over the work which Foster was expected to do and which he had neglected. This brings the claim within the cases of *Matter of Knocks* v. *Metal Packing Corp.* (231 N. Y. 78) and *Matter of Heitz* v. *Ruppert* (218 N. Y. 148). In the latter case we held that when one employee injures another in a quarrel over the manner of working together in a common employment, the accident ·arose out of the employment if it was connected with the employer's work and in a sense in his interest. Such we think is the case here. Both men were engaged in loading a truck with lumber. Rydeen stood on the truck receiving the lumber as it was passed up to him by Foster. Before the work was completed Foster got tired and left without notifying Rydeen. After waiting a while Rydeen came down, went over to

Foster, and spoke to him about his conduct.  Rydeen was foreman and Foster's superior.  Foster according to his own testimony said, " in the meantime this man Rydeen come over and wanted to know why I didn't stay there and raise that plank, ' because,' I said ' it is too hard work and you must not think I am a damn fool.' "

The dispute or quarrel resulted in Foster striking Rydeen causing the injury.  What Rydeen did was in pursuit of his employment and in furtherance of his employer's business.  The dispute was over the work which both were employed to do.  The resulting injury was received in the course of the employment and arose out of it.

This claim is entirely different from those cases where an employee has been injured in a personal quarrel or in a dispute arising out of ill will or over a matter in no way connected with the work.

The order appealed from and determination of State Industrial Board should be reversed and the matter remitted to the State Industrial Board for consideration, with costs in all courts to abide event.

McLAUGHLIN, J. (dissenting).  The appellant, sixty-one years of age, and one Foster, sixty-five years of age, were in the employ of the Monarch Furniture Co., Inc. They were directed by their foreman to load a truck with lumber and were told when the work got too hard they could call for more help.  The claimant got on to the truck and Foster passed the planks up to him to arrange. The lumber consisted of heavy three-inch planks.  After the truck had been substantially loaded Foster quit and went to another part of the lumber yard and engaged in other work.  Thereupon the appellant got off the truck and went to where Foster was and asked him why he did not pass up the rest of the lumber and he replied: " It is too hard work, and you must not think I am a damn

fool." The appellant then called Foster a most vile and insulting epithet. An altercation followed during which Foster struck the appellant as a result of which he suffered the loss of one eye. The appellant did not deny that he followed Foster to another part of the yard where the altercation took place or that he insulted him.

The Industrial Board found that the injuries which the appellant sustained " did not arise out of and in the course of his employment " and dismissed the claim. On appeal the Appellate Division (one of the justices dissenting) affirmed the determination of the Industrial Board.

I am of the opinion that the order of the Appellate Division is right and should be affirmed. The injuries sustained by the claimant did not arise out of his employment. They were not connected with his employment. When he followed Foster to another part of the lumber yard and there provoked an altercation with Foster he was not furthering any interest of his employer or acting for him. By this act he abandoned his employment to satisfy his personal prejudice and ill feelings towards Foster.

In *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) this court, Judge POUND writing the opinion, considered the meaning of the words " arising out of and in the course of employment." He said the words " are conjunctive and relief can be had under the act only when the act arose both ' out of ' and ' in the course of ' employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work."

The rule thus laid down has since been applied in many cases. (*Matter of DeFilippis* v. *Falkenberg*, 219 N. Y. 581; *Matter of Saenger* v. *Locke*, 220 N. Y. 556; *Matter of Gifford* v. *Patterson, Inc.*, 222 N. Y. 4; *Matter*

*of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233 N. Y. 12; *Matter of DeSalvo* v. *Jenkins*, 239 N. Y. 531.)

In all of these cases the court held that to entitle the claimant to compensation the injuries must be received as a natural incident to the work; that the risk must be one connected with the employment flowing therefrom as a natural consequence. The danger must be one reasonably to be expected as a risk arising out of the employment.

In *Matter of Scholtzhauer* v. *C. & L. Lunch Co. (supra)* a waitress in a lunch room and while she was actually engaged in doing the work for which she had been employed, was shot and killed by another employee at work in the same place. This court held that the claimant was not entitled to compensation. The court " again " took occasion to restate the rule which had been laid down in *Matter of Heitz* v. *Ruppert (supra)*. It said: " To justify the State Industrial Board in making an award, the injury complained of must have arisen both out of and in the course of the employment. It must have been received while the employee was doing the work for which he was employed, and in addition thereto, such injury must be a natural incident to the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work."

Applying the rule laid down in the authorities cited to the undisputed facts, I am unable to see how it can be said that the injury received by the appellant was a natural incident to the work in which he was engaged, or how it can be said to be one of the risks connected with the employment and flowing therefrom and directly connected with it. The injury to the claimant was caused not by the work of his employer but by an act of his own. When he followed Foster to another part of the lumber yard and there engaged in an altercation with

[240 N. Y. 295]  Dissenting opinion, per McLAUGHLIN, J.      [June,

him it was not an incident to his employment. It was not authorized or induced by his employer in connection with his employment. (*Matter of Stillwagon* v. *Callan Bros.*, 224 N. Y. 714.) In the authority just cited, claimant's husband and another employee of defendants Callan Bros., were engaged in unloading brick from a railroad car. They got into a dispute as to who was first entitled to load, came to blows and claimant's husband was killed. This court affirmed the order of the Appellate Division that the injury was not a natural incident of the work which the plaintiff's husband was employed to do and for that reason an award could not be made under the statute.

Nor do I think the claim made here comes within our decision in *Matter of Knocks* v. *Metal Packing Corp.* (231 N. Y. 78). There the claimant was engaged in operating a machine in a factory. It was his duty to keep the machine oiled and if it did not work properly to report it to the person who had charge of all the machines. He reported the machine as not working properly. Thereupon the person having charge of all the machines went with the claimant to the machine he was operating and while both of them were inspecting the machine for the purpose of ascertaining what the trouble was, the one who had charge of all the machines told the claimant that he was using too much oil and the claimant told him he was a liar and the latter thereupon struck him in the face inflicting the injury for which compensation was sought. An award was made which was subsequently affirmed by a bare majority of this court. In that case it will be observed that they were actually engaged at the time in doing something to further the employer's interests — inspecting a machine for the purpose of ascertaining in what respect it was defective, and the dispute arose over that work.

In the instant case the appellant and Foster were told by their employer to load the truck with lumber, and if the work got too hard by reason of the height of the pile,

additional help would be sent. Foster thought the work was too hard for him to perform and for that reason he quit. When the claimant, therefore, got down off the pile of lumber and followed Foster to another part of the lumber yard he abandoned the employment, and the injury which he received by reason of such abandonment was not a risk connected with the employment. It did not flow therefrom as a natural consequence. It was not directly connected with the work. It was not caused by any duty which he was employed to perform.

I am of the opinion for the reasons stated that the order of the Appellate Division should be affirmed.

HISCOCK, Ch. J., CARDOZO, ANDREWS and LEHMAN, JJ., concur with CRANE, J.; McLAUGHLIN, J., reads dissenting opinion; POUND, J., absent.

Order reversed, etc.