Before STATE INDUSTRIAL BOARD, Respondent.

JESSIE COOPE, Respondent, v. LOEW'S GATES THEATRE and Another, Appellants.

Third Department, January 6, 1926.

Workmen's compensation — injury arising out of and in course of employment — claimant was ticket seller in theatre — another woman came to ticket window accused claimant of stealing her husband and assaulted claimant — injury did not arise out of and in course of employment.

The injuries of the claimant on which the award is based did not arise out of and in the course of her employment, since it appears that she was engaged as ticket seller in a theatre and that while at her place of work another woman came to the ticket window, accused the claimant of stealing her husband and then assaulted the claimant.

APPEAL by Loew's Gates Theatre and another from an award of the State Industrial Board, made on the 6th day of April, 1925.

*Reed, Jenkins, Dimmick & Finnegan* [*William Warren Dimmick* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Third Department, January, 1926.                    [Vol. 215

McCANN, J.   Claimant was employed by Loew's Gates Theatre as a ticket seller.   The incident out of which this claim arises occurred on January 17, 1925.   About two or three weeks prior thereto a strange man stopped at the ticket window.   A history of the facts is quoted from claimant's testimony as follows: " He asked me for two tickets and I never laid eyes on him before, and he motioned to me, he threw a paper in.   I picked it up, and he asked me if I would meet him and he would come back in a few minutes for an answer.   I told him I wouldn't.   He says I would be sorry, for that he would get me some day.   I was working, he came back again.   He says, ' Have you changed your mind? ' and I says, ' Indeed I haven't.'   I didn't see him any more, and about an hour or two hours after that some woman I never laid eyes on before, I don't know whether she was his wife or not, she came along and she dug me.   I asked how many tickets through the window, and she called me a name and she says I had stolen her husband, but I had never laid eyes on him."   She further testified that as the result of this assault, she had several lacerated wounds on the back of her hand, a swelling and an infection.

The only question raised on this appeal is whether the accident arose out of the claimant's employment.

There is nothing in the present case analogous to the cases cited by the respondent.   There is no evidence to show whether this ticket office was near the street, or to what extent it was oper, inclosed, accessible to the public, or whether its occupant was exposed to an unusual peril.   It is to be assumed that it was located in the lobby of the theatre.   There is no evidence of any argument or dispute.   It was merely a proposition of a personal nature made and rejected.   Neither is there any proof of previous relationship or animosity except as it appears that a certain man made the proposition two or three weeks before and it is assumed that he was the husband of the woman who was guilty of the assault.

*Matter of Katz* v. *Kadans & Co.* (232 N. Y. 420), which respondent cites, is a case where the claimant was a chauffeur and was attacked by an insane man on the street and stabbed.   The award was sustained upon the theory that it was a street risk.   In the cases of *Rosmuth* v. *American Radiator Co.* (201 App. Div. 207) and *Mason* v. *Scheffer* (203 id. 332) awards were sustained, the claimants having been robbed, and it was held that they were exposed to an especially hazardous risk which brought them within a special zone of danger.   These cases are not applicable.

There is another line of cases in which assaults have arisen. In *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) it is said: " The

injury must be received (1) while the workman is doing the duty he is employed to perform, and *also* (2) *as a natural incident of the work.* It must be one of the risks connected with the employment, flowing therefrom as a natural *consequence and directly connected with the work.*"

In *Matter of Saenger* v. *Locke* (220 N. Y. 556, 559) the same rule is expressed in the following language: " Where injuries result from quarrels between fellow servants the rule is that where the quarrel arose out of matters pertaining to the business, then the accident arises out of the employment. Where the quarrel is an independent affair having no connection with the master's work, then it does not."

In *Matter of Rydeen* v. *Monarch Furniture Co.* (240 N. Y. 295, 297) it is held that the claimant must not only be in the " pursuit of his employment" but " in furtherance of his employer's business."

In that case the dispute was over the work which both were employed to do. The case before us is analogous to *Matter of Scholtzhauer* v. *C. & L. Lunch Co.* (233 N. Y. 12). The daughter of claimant was employed by the lunch company as a waitress; at the same time and place a negro named Arthurs was employed as a dishwasher. The latter invited the daughter of claimant to go out with him that evening; she declined the invitation and stated to another employee that she would not go out with a negro. Her statement to this effect having been repeated to Arthurs, made him very angry. Shortly thereafter the daughter of the claimant took some dishes to the place where Arthurs was working. She pushed them through an opening in the partition between the restaurant and the kitchen; he drew a pistol and shot her; she died shortly thereafter. It was held that an award could not be made where the accident resulted from the chances of life in general to which the injured person was exposed in common with all mankind rather than as an employee, and the distinction is drawn that the injury did not arise over any dispute traceable to or connected with the employment. It was a purely personal affair and it was only the fact that the employment brought the two together at that time that had any bearing on the injury. The opinion states: " The fact that the murder took place on the employer's premises was a mere incident. It might equally well have happened on the sidewalk in front of the building or while the daughter was on her way home, or at any other place where Arthurs had chanced to meet her."

The only theory upon which this award could be sustained is that there was a special exposure to peril. The facts proved do

not show that condition. It was nothing more than an attack engendered by a fancied personal grievance in the mind of a jealous woman. It might well be assumed that instead of being exposed to peril, claimant was protected from such by reason of her occupancy of the ticket office or booth.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.