In the Matter of the Claim of JENNIE BERRESI for Compensation for the Death of SANTO BERRESI, Appellant, against JOHN RYAN and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 2, 1934.

*Sporborg & Connolly* [*Thomas F. J. Connolly* and *William D. Sporborg* of counsel], for the appellant.

*E. C. Sherwood* [*William B. Davis* of counsel], for the respondents John Ryan and Travelers Insurance Company.

*John J. Bennett, Jr., Attorney-General,* for the respondent State Industrial Board.

RHODES, J. Deceased, a chauffeur working for the employer herein, had incurred the personal enmity of one Antonio Romeo

because of a personal grievance not related to the employment. The employer, having knowledge of this fact, sent deceased with a truckload of feed to be delivered to the premises of said Romeo, and there, while thus employed, deceased was killed by a shot fired by Romeo.

Because the assault was prompted by a grievance in no way connected with the employment, the Board held that the injuries did not arise out of the employment, and dismissed the claim.

It is the general rule in this State that where an employee in the course of his employment suffers an assault prompted by personal grievance not relating to the employment, such injuries are considered as not arising out of the employment. (See *Matter of De Filippis* v. *Falkenberg*, 170 App. Div. 153; affd., 219 N. Y. 581; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233 id. 12; *DeSalvo* v. *Jenkins*, 205 App. Div. 198; affd., 239 N. Y. 531; *Matter of Schlener* v. *American News Co.*, 240 id. 622.)

In most of such cases the assailant sought out the employee for the purpose of inflicting the injury, and no act of the employer increased the hazard of the employee in that respect. The case here reveals an additional fact. It was the affirmative act of the employer which sent the deceased into a situation of special hazard and danger where, confronted with this unusual peril, he was required to work in furtherance of his employment. The risk was accentuated by the incidents of the employment and deceased was brought by the conditions of his work within the zone of special danger. (See *Rosmuth* v. *American Radiator Co.*, 201 App. Div. 207, and cases therein cited; *Mason* v. *Scheffer*, 203 id. 332; *Matter of Lanni* v. *Amsterdam Building Co.*, 217 id. 278.)

The pertinent question is whether it is the employment or some other cause which brought exposure to the peril. (*Matter of Marks* v. *Gray*, 251 N. Y. 90; *Matter of Heidemann* v. *American District Tel. Co.*, 230 id. 305; *Matter of Redner* v. *Faber & Son*, 223 id. 379.)

The decision appealed from should be reversed and the matter remitted to the State Industrial Board for further action in accordance with this opinion, with costs to the appellant against respondents to abide the event.

HILL, P. J., CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). I dissent and vote to affirm the decision of the State Industrial Board.

The decedent was a chauffeur and was directed to go to the residence of one Romeo for the purpose of delivering merchandise. While performing his duty he was shot and killed by Romeo because

of some personal difference existing between the two men in no wise connected with the employer or his business. Decedent's employment did not expose him to this risk. The felonious assault was not incidental to the work and could not have been reasonably anticipated by the employer. The employment in no sense contributed to the risk by added exposure to a common peril. An injury arises out of the employment only where there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injuries. An accidental injury is not brought within the scope of the statute simply because the employment sent the injured person to the place where he sustained the injury. The assault in this case was not committed because of any matter connected with decedent's employment.

The killing of the deceased was not a peril of the service nor was it reasonably incidental to his employment. The reasons which prompted the killing were personal to the employee. It was not an injury inflicted upon the deceased because of his employment. It would have been inflicted irrespective of the employment. Romeo intended to and did inflict the fatal injury on the deceased for reasons solely applicable to him. For these reasons it seems to me that this case is not compensable.

Decision reversed and matter remitted to the State Industrial Board for further action, in accordance with opinion herein, with costs to the appellant against the employer and the insurance carrier to abide the event.