■ In the Matter of the Claim of RUBY PRYOR, Respondent, against PRESBYTERIAN HOME FOR AGED WOMEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant worked as a waitress and one McCormack as a porter for the employer. McCormack asked the claimant while at work to meet him for the purpose of having illicit relations and she refused, informing McCormack she did not want to be molested by him and that she would report him to their superior. Shortly thereafter on October 8, 1956 McCormack was discharged for drinking, causing trouble and using improper language but the discharge had no connection with his proposal to the claimant of which the employer was unaware. McCormack returned several days after being discharged and told the claimant that if she

told on him he would get even. On October 21, 1956 McCormack returned again and assaulted the claimant without saying a word or without provocation. The board has found that the assault arose out of and in the course of claimant's employment. This assault did not arise from a dispute over work being performed nor was it the result of a personal quarrel carried into the employment from outside. No personal or private relationship existed nor was one entered into between the claimant and McCormack. Larson points out that in a situation such as this it is the very act of forestalling such a relationship that leads to the assault and that the relation is " exclusively an employment one." (I Larson, Law of Workmen's Compensation, § 11.22, p. 140.) The facts of the present case distinguish it from *Matter of Scholtzhauer* v. *C. & L. Lunch Co.* (233 N. Y. 12). The finding here that the assault arose out of and in the course of the employment is supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present—Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.